## WILLIAM L. HOWE *vs.* SELDEN HUNTINGTON.

Where by the terms of a contract, acts are to be performed by each party at the same time, neither party can maintain an action against the other, without performance or tender of performance on his part.

Where the contract is to sell land at a price to be fixed afterwards by third persons, one fourth of the purchase money to be paid in cash, on the delivery of the deed, and the residue to be paid at subsequent times, secured by a mortgage of the premises, and the deed to be given on having notice of the price fixed by such third persons; the contract is mutual, and neither party can enforce it against the other, without performance or tender of performance on his part.

If by the terms of a contract, each party is to do certain acts upon the happening of a certain event, and no time when is fixed, performance or tender of performance must be made *within a reasonable time* after the event happens; that is, so much time as is necessary conveniently to do what the contract requires should be done.

And what is a reasonable time within which an act is to be performed is to be determined by the Court as a question of law.

In this case a delay of twenty-four days was held to be beyond a reasonable time.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

Debt on a bond, dated *September* 26, 1835, the condition of which was, " that said *Huntington* has agreed with said *Howe*, to sell and convey to him, one undivided half part of seven thousand and thirty acres of timber land," described, " at such sum as all the merchantable pine timber standing on said one half, suitable for board logs, shall amount to at the rate of one dollar and twelve and an half cents per thousand, to be determined by the opinion of" certain persons named; " one fourth to be paid in cash upon the delivery of a good warranty deed, the other three fourths in one, two and three years with interest, secured by mortgage of the premises; Now if the said *Howe* shall take the necessary measures for obtaining the determination and opinion of said referees, and upon said opinion being made known to him, the said *Huntington*, he shall give to said *Howe*, or to such person as he shall appoint, a good and sufficient deed as aforesaid — then this obligation to be void, otherwise in force."

The persons selected to ascertain the quantity of timber, with the plaintiff and defendant, went upon the land, and explored the same for seven days, and on the 16th of *October*, 1835, made their report in writing, and notified each party thereof. On *Nov.* 9, 1835, the plaintiff tendered to the defendant the cash payment for one quarter of the amount, and offered the notes and mortgage for the other three quarters ; and the defendant refused to receive either, " and denied his liability to give a deed." On *February* 6, 1836, the defendant conveyed the land to one *Breed*. This suit was commenced *November* 9, 1835. On the trial, the defendant contended, that inasmuch as the contract was silent as to the time within which the plaintiff was to perform his part of the contract, the law required him to perform it within a reasonable time, and that the report having been made *October* 16, it was not reasonable, that the plaintiff should wait until *November* 9, before he attempted to make his tender, or performance on his part, and therefore the offer of performance was not within a reasonable time. The Judge ruled, that the covenants and agreements were independent, and that either party could maintain his action for a breach thereof, and recover damages, without proving performance on his part, and therefore that no tender was necessary ; and overruled the objection. Several questions were raised on the trial in relation to the amount of damages, but the opinion of the Court renders it unnecessary to state them. The verdict was for the plaintiff, and the defendant excepted.

The case was argued in writing.

*Fessenden & Deblois*, for the defendant, made the following points.

1. The covenants are dependent, and the action cannot be maintained, unless the plaintiff show performance, or tender of performance, on his part. 17 *Johns. R.* 293 ; 2 *Pick.* 155 ; *ib.* 301 ; 5 *Pick.* 395 ; 11 *Pick.* 151 ; 2 *Greenl.* 22 ; 10 *Johns. R.* 265 ; 2 *Johns. R.* 207 ; 16 *Johns. R.* 267 ; 20 *Johns. R.* 130 ; 5 *Johns. R.* 181 ; 20 *Johns. R.* 24 ; 2 *Burr.* 899 ; 8 *T. R.* 366 ; 4 *T. R.* 761 ; 11 *Johns. R.* 525.

2. There being no time mentioned in the contract, the law fixes the rule, that it must be done in a reasonable time. What is a reasonable time, is a question of law. *Atwood* v. *Clark*, 2 *Greenl.*

249; *Hussey* v. *Freeman*, 10 *Mass. R.* 84; *Ellis* v. *Paige*, 1 *Pick.* 43.

*Adams* argued for the plaintiff.

1. The covenants of the parties were independent, and no offer of performance by the plaintiff was necessary. *Thorp* v. *Thorp*, 1 *Salk.* 171; *Hotham* v. *East I. Co.*, 1 *T. R.* 638; *Couch* v. *Ingersoll*, 2 *Pick.* 292; *Borden* v. *Borden*, 5 *Mass. R.* 67; *Collins* v. *Gibbs*, 2 *Burr.* 899; *Kane* v. *Hood*, 13 *Pick.* 281; *Gardiner* v. *Corson*, 15 *Mass. R.* 500; *Saco Man. Co.* v. *Whitney*, 7 *Greenl.* 256.

2. But if the covenants were mutual and dependent, still judgment should be rendered on the verdict, because within a reasonable time, twenty-four days, after the report was made known to the parties, the plaintiff tendered performance on his part, agreeably to the contract. *Atwood* v. *Clark*, 2 *Greenl.* 249; *Smith* v. *Jones*, 3 *Fairf.* 332; 1 *Com. on Con.* 4; 3 *Stark. on Ev.* 1407; *Hussey* v. *Freeman*, 10 *Mass. R.* 84; *Newcomb* v. *Brackett*, 16 *Mass. R.* 161; *Ellis* v. *Paige*, 1 *Pick.* 43; *Yelverton*, 67, *and notes.*

After a continuance for advisement, the opinion of the Court was drawn up by

SHEPLEY J. — The first question presented by this bill of exceptions is, whether the stipulations for the conveyance, and for the payment and security of the purchase money were mutual and dependent. The bond obliges the defendant to sell and convey the lands for a consideration, " one fourth to be paid in cash upon the delivery of a good warrantee deed, the other three fourths in one, two, and three years, with interest, secured by mortgage of the premises." The cash part is, according to the language, to be paid upon delivery of the deed. The intention is very clearly exhibited, that the other three fourths were to be secured at the same time. The defendant could not be safe in taking a mortgage unless it was executed at the time of conveyance, as the plaintiff might immediately convey upon acquiring the title, and thus deprive the defendant of all value in a mortgage executed at a subsequent time. Nor could it be expected, that the plaintiff would attempt to convey a title before he acquired one. The intention of the parties is to

be regarded; and that is too clear to leave any doubt, that performance was to be made by both at the same time. The ruling, that the covenants and agreements were independent, was therefore erroneous.

The next question which arises upon the record is, whether the tender or offer of performance by the plaintiff was made within a reasonable time. There is in certain cases, a difficulty in determining whether such a question should be decided by the Court, without the assistance of a jury, arising from the want of some certain rule by which to be governed. And this case is not free from that embarrassment. It will be useful to examine some of the cases for the purpose of obtaining some light to guide to a proper result. It has been finally settled, that what is due diligence, or a reasonable time, for making demands, and giving notices of negotiable paper, is a question of law to be decided by the Court. There are however exceptions to be noticed hereafter.

The representatives of a lessee for life, have a reasonable time after his death for removing the goods; and it was held to be a question of law, and that a removal within six days after his decease was reasonable. *Stodden* v. *Harvey, Cro. Jac.* 204; *Co. Litt.* 56, *b*.

It has been decided, that a tenant at will has a reasonable time after notice, to quit, and that it was a question for the Court; and that ten days were not sufficient for the purpose. *Ellis* v. *Paige,* 1 *Pick.* 43.

Where the maker of a note deposited with the holder, goods to be sold to pay it, the Court decided, that they were not sold within a reasonable time, not being sold for several years. *Porter* v. *Blood,* 5 *Pick.* 54.

The lessor reserved to his son on his coming of age, a right to put an end to the lease, and to take possession; it was held, that he had a reasonable time after being of full age in which to do it; and the *Court* decided, that a week or fortnight would have been a reasonable time, and that a year was not. *Doe* v. *Smith,* 2 *T. R.* 436.

Whether notice of abandonment was given within a reasonable time after intelligence of the loss, was held to be a question of law, and notice within five days not to be within a reasonable time. *Hurst* v. *Roy, Ex. Assur. Co.* 5 *M. & C.* 47.

Where the purchaser of a crate of ware, was to furnish the seller with an account of the broken ware found in it, the Court held, that he was entitled to a reasonable time, and that it was the duty of the Court to decide upon it. *Atwood* v. *Clark*, 2 *Greenl.* 249.

The exception alluded to, relating to negotiable paper has reference to bills payable at or after sight and to notes payable on demand. When a bill is thus payable, a reasonable time is allowed for the holder to present it, and whether done within a reasonable time is to be decided by the jury. *Muilman* v. *DeEuguino*, 2 *H. Bl.* 565 ; *Fry* v. *Hill*, 7 *Taunt.* 397 ; *Wallace* v. *Agry*, 4 *Mason*, 344. So the holder of a note payable on demand, and indorsed, is to make a demand on the maker within a reasonable time to be decided by the jury. *Field* v. *Nickerson*, 13 *Mass. R.* 131.

A tithe owner has a reasonable time, to be decided upon by the jury, to compare the tenth set out with the other nine tenths. *Facey* v. *Hardom*, 3 *B. & C.* 213.

A landlord has a reasonable time after keeping five days to remove goods distrained ; and it was held to be a question for the jury to decide. *Pitt* v. *Shaw*, 4 *B. & Ald.* 206.

A purchaser of goods by sample, if the sample does not correctly represent the goods, may repudiate the contract within a reasonable time to be decided upon by the jury. *Parker* v. *Palmer*, 4 *B. & Ald.* 387.

*Lord Mansfield* observes, that whenever a rule can be laid down with respect to this reasonableness, that it should be decided by the Court, and adhered to by every one for the sake of certainty. *Tindale* v. *Brown*, 1 *T. R.* 167.

*Abbott C. J.* says, in many cases of a general nature, or prevailing usage, the Judges may be able to decide the point themselves ; in others, which may depend upon particular facts and circumstances, the assistance of a jury may be requisite. *Smith* v. *Doe*, 2 *B. & C.* 270.

*Starkie* endeavors to state the distinction between the duties of the Court and of the jury, in deciding upon this question, and says, where the law does not by the operation of any principle or established rule decide upon the legal quality of the simple facts, it is for the jury to draw the general inference of reasonable, or unreasonable. 1 *Stark. Ev.* 455. It is obvious, that many of the cases

would not be found to conform strictly to this rule. Its effect would be in some measure to relieve the Court, while it would hardly carry out the design of *Lord Mansfield* in having rules established in all practicable cases by the Court, for the purpose of affording settled rules by which to be governed. It has evidently been the desire of the Courts to decide themselves, where they could do so upon any rule, which might become certain, and furnish a precedent for future cases. And it is in this way, that the law in relation to demand and notice upon bills and promissory notes has become so well defined and exact. Where there is no certain time limited, within which, or from which, the act is to be done, but it is to be accommodated in some degree to the interests of the party and the course of trade, as in the case of bills at sight and notes on demand ; or where it may in some measure depend upon the state of the weather, as in the case of removal of goods distrained, or the tithe crop, it has been left to the jury to decide upon each case as it arises. Where there is a certain epoch, after which the act is to be performed, as soon as it may be conveniently without regard to one's interest, or to the course of trade, or to other matters not within the control of human agency ; the Court may be able to come to a satisfactory conclusion for itself without the assistance of a jury.

In this case, it seems to have been the intention of the parties, that the contract should be completed as soon as it could be with convenience. And they appear to have proceeded to act upon it under such an impression of their rights and duties. It bears date on the 26th of *September*. They appear to have notified the appraisers, to have agreed upon a substitute for one of them, and to have been upon the premises, and to have remained there seven days making their examination, and to have come to a conclusion and made up the result of it upon the 16th day of *October* following, when it was made known to the parties. In these twenty days, the principal labor required to fulfil the contract had been performed. The bond then declares, that, "upon said opinion being made known to him, the said *Huntington*, he shall give to said *Howe* or to such person as he shall appoint a good and sufficient deed as aforesaid," referring to the premises and mode of payment ; and then the obligation is to be void. Here is a time named

on which it became the duty of the parties to proceed to execute fully the contract by a conveyance and by making payment and security. The law allowed only a reasonable time; and that in a case of this kind is so much time as might be necessary conveniently to do, what was required to be done. And the one, who would hold the other to the contract must perform or offer to perform within that time. What was then the situation of the parties, and what remained to be performed? They were then near the land. The plaintiff must travel to his home at *Waterford*, procure his money, make his notes and mortgage, and offer the money and securities to the defendant at *Portland*. The parties had within twenty days accomplished very much more, than remained to be performed; and to allow a longer period to perform the smaller portion left, would be to act contrary to the evidence afforded by the parties, that it could be conveniently done in less time. To depart from the rule requiring it to be performed as soon as convenient would produce great uncertainty, and leave the Court without any rule to guide its judgment. It may be objected, that more time should be allowed the plaintiff to collect the money. But the law must suppose, that every man, who enters into a contract is ready to perform it according to its terms when the time of performance arrives. And to allow that consideration to enter into the question of reasonable time, would be to defeat all rules, and render the performance of contracts dependent upon the necessities and misfortunes of the parties. The Court is therefore constrained, if it would rest upon any rule or principle not wholly arbitrary, to decide, that the offer of the money and security was not made within a reasonable time.

By this result, it becomes unnecessary to decide the point in relation to the amount of damages.

*Exceptions sustained, and new trial granted.*