## COUNTY OF PROVIDENCE, MARCH TERM, 1866, AT PROVIDENCE.

PRESENT:

Hon. CHARLES S. BRADLEY, Chief Justice.
Hon. GEORGE A. BRAYTON, } Justices.
Hon. THOMAS DURFEE,

DAVIS, HACKETT & Co. *v.* WESTERN MASSACHUSETTS INSURANCE COMPANY.

When, in the trial of a cause, papers are exhibited simply as evidence from which, in connexion with other evidence, the jury are asked to infer, as a conclusion of fact, a waiver by a party of a given right, it is not incumbent on the presiding judge, in his charge, to construe and interpret such papers, and state the result to the jury as matter of law.

The right of an insurance company, while pursuing a certain mode of ascertaining the amount of their liability for a loss by fire, to insist also upon a compliance with the rule of ascertainment prescribed in the policy itself, and by giving notice to the other party to guard against the inference that they intend to waive any right under the policy, is not to be questioned; but it is not a duty of the judge to instruct the jury, as matter of law, that in and by a certain letter exhibited, the company had effectually guarded against such inference. The weight and effect of such letter may rightfully be left with the other evidence bearing upon the issue, to be determined by the jury.

The question of "reasonable time" is, in most cases, a question for the Court; but there is a class of cases in which the circumstances affecting the reasonableness of notice would seldom be the same; and a Judge is not to be held to have erred in refusing to instruct a jury, as matter of law, that a reply by an insurance company, on the 19th of June, to a communication addressed to them on the 31st of May preceding, was or was not given within a reasonable time.

ASSUMPSIT upon a policy of fire insurance, effected by the plaintiffs with the defendant company, by which the company insured $5,000 upon the plaintiffs's stock of dry goods in their store, in Providence. The original policy was dated November 12th, 1859, but by renewals was continued in force until the 15th of November, 1862. The goods having been damaged by fire on the 22d of April, 1862, this action was brought. On trial of the cause before the Chief Justice, with a jury, it was proved, among other facts, that, on the 31st day of May, 1862, preliminary proofs of loss, with a claim of damages to the amount of $7,600, was made, and that not until the 19th day of June, following, did the defendants make any reply to said claim and proofs. The verdict was for the plaintiffs upon the general issue, whereupon the defendants excepted to the rulings of the Judge, asking a new trial upon the grounds following:—

1. That the Court declined to instruct the jury, though requested, that the correspondence between the parties does not constitute a waiver of that condition of the policy which requires a certain mode and kind of appraisal of the property insured.

2. That the Court instructed the jury that "they might find such waiver on the part of the defendants, in the oral testimony in the cause," although (as insisted by the defendants at the trial) "there was no oral evidence of such waiver submitted."

3. That the defendants, by asking questions of the insured, as provided in the policy, or calling for an examination of books and stock as therein provided, do not thereby waive their right to require a compliance with the condition of the policy, in regard to an appraisal of the insured property, if they, at the same time, give written notice, insisting upon compliance with such condition; and the Court erred in instructing the jury to the contrary of this, and against the request of the defendant.

4. That the Court instructed the jury, in opposition to the

Davis, Hackett & Co. *v.* Western Massachusetts Insurance Co.

request of the defendants, that " the defendants are not entitled to claim to stand upon both provisions of the policy, viz., that relating to the appraisal of the property, and that relating to an examination of the insured ; but that they must insist upon one and there stop."

5. That the Court left it to the jury to say (without any instruction as to what was reasonable time) whether the written reply of the defendants to the preliminary proofs was furnished within a reasonable time, although requested by the defendants to instruct the jury as to the sufficiency or reasonableness of such reply.

6. That the Court left it to the jury to say whether the written answer of the plaintiffs to the written interrogatories of the defendants (filed in the cause) were or were not a compliance with the provisions of the policy in this regard, although requested by the defendants to decide upon such sufficiency, as matter of law, and to instruct the jury accordingly, the Court only instructing the jury thereupon that the answers of the plaintiffs " must be candid."

*Currey, for the defendants,* cited, in support of exception 1, *Neilson* v. *Harford,* 8 Mees. & Wells, 822 : *Morrill* v. *Frith,* 3 Ib. 404 ; *Clarke* v. *Dutcher,* 9 Cowen, 679 ; *Kimball* v. *Howard Insurance Co.* 8 Gray, 33 ; 1 Greenleaf's Ev. § 277, n. 1 ; *Brown* v. *Brown,* 8 Met. (573), 576. In support of exception 3—*Edwards* v. *Baltimore Insurance Co.* 3 Gill, 176 ; 5 Gray, 132. In support of exception 4—*Parker* v. *Gordon,* 7 East. 385, 386 ; *Scott* v. *Gifford,* 9 Ib. 347 ; *Bateman* v. *Joseph,* 12 Ib. 425 ; *Bank of Columbia* v. *Lawrence,* 1 Peters, 578, 583 ; *Carroll* v. *Upton,* 3 Conn. 272 ; 2 Greenleaf's Ev. § 186.

*B. N. and S. S. Lapham, for the plaintiffs,* citing, as applicable to exception 5, Chitty on Contracts, 730, and notes ; 2 Parsons on Contracts, 173, and notes ; *Sampson* v. *Norton,* 46 Me. 281.

DURFEE, J., delivered the opinion of the Court, overruling the exceptions in the order in which they were presented.

1. If the series of papers, referred to in the first exception, had been put in as in themselves containing or importing a contract on the part of the defendants to waive the preliminary

proofs stipulated for, in case of partial loss, by the eleventh condition of the policy, and there had been any question as to their meaning, it would have been the duty of the Court to have construed or interpreted them, and to have stated the result to the jury as a matter of law. But we understand the papers were introduced not in that view, but simply as evidence from which, taken in connection with other testimony in the case, the jury were asked to infer a waiver as a conclusion of fact. In that view it was for the jury to say what weight or significance they were entitled to have, and we think the Court did right in declining to instruct them whether the papers did or did not, in and of themselves, amount to a waiver.

2. Inasmuch as we have no report of the oral testimony submitted on the trial, it is impossible for us to say whether the second exception is well taken or not, and therefore we cannot sustain it.

3. It was undoubtedly competent for the defendants, while pursuing other modes of appraisal, to insist on the mode called for in the eleventh condition of their policy, and to guard themselves against the inference, that, by pursuing such other, they meant to waive the latter mode, by giving clear and seasonable notice to that effect. But it does not follow that the Court were bound to instruct the jury, as a matter of law, that the defendants had so guarded themselves in this case. The letter containing the notice, referred to in the third exception, was, we think, properly left to the jury to be weighed, in connection with the other testimony, on the question of waiver. If, in view of that letter, the jury had been satisfied that there was no waiver, they were at liberty so to find; if, in spite of that letter, they deemed the facts and circumstances, proved by the other testimony, strong enough to establish a waiver, they ought not to be precluded by positive instruction from the Court from so determining. The exception goes on to state, that the Court instructed the jury to the contrary of the request made by the defendants. If by this it be meant that the Court instructed the jury, as a matter of law, that they were bound to find the waiver notwithstanding the notice, we think it was error. But

there is no intimation of any such instruction in the Judge's minutes of his charge. On the contrary, it appears, from those minutes, that he left the question of waiver to the jury, as he is stated to have done in the defendants' first and second exceptions, to be determined by them exclusively, as an issue of fact. This, we think, was right.

4. The defendants do not press their fourth exception, and it is, therefore, unnecessary for us to consider it.

5. The question of reasonable time is, in many, and perhaps in most cases, a question for the Court. It was said by Lord Mansfield, in *Tindal* v. *Brown*, 1 Term Rep. 167, "Whenever a rule can be laid down in respect to reasonableness, it should be decided by the Court and adhered to by every one for the sake of certainty." The Courts have accordingly, in many cases, as in the case of notice of dishonor of a promissory note or bill of exchange, or of notice to quit as between landlord and tenant, adopted fixed rules. But there are numerous cases, depending on particular facts and circumstances, in which the Court cannot dispense with the aid of a jury. 1 Starkie's Ev. 455; *Howe* v. *Huntington*, 15 Me. 350. The case before us was not a case where, in the language of Lord Mansfield, "a rule could be laid down in respect to reasonableness;" it belonged to a class of cases in which the circumstances affecting the reasonableness of notice would seldom be the same, and therefore we think the Court did not err in leaving the question of reasonableness to the jury.

6. The presiding Judge told the jury that the law required of the plaintiffs, "in answering the interrogatories put to them, and in making the explanations and in exhibiting the books and papers asked of them, both truth and candor." The defendants except because he did not state, as matter of law, whether the answers of the plaintiffs to the interrogatories put by the defendants were or were not a compliance with the provisions of the policy. We find nothing in the policy which requires of the insured, when interrogated, that he shall do more than candidly state the truth in so far as he is able, and whether, in any par-

ticular case, he has done so or not, is certainly a question for the jury and not the Court.

We, therefore, deny the defendants a new trial on their motion.