BETTY SCHOENER et al., Appellants, *v.* MAX J. LISSAUER et al., Respondents.

The provision of the Code of Civil Procedure (§ 382, sub. 5), applying a six years limitation to actions "to procure a judgment other than for a sum of money on the ground of fraud, in a case," formerly "cognizable by the Court of Chancery," does not apply to an action by the owner of the fee to remove a cloud upon title to land, by the cancellation of a mortgage thereon, to which the owner has a good defense.

The right to bring such an action is never barred by the statute of limitations.

In an action brought to procure the cancellation and discharge of a mortgage, on the ground that it had been procured by duress, the trial court found that the execution of the mortgage was procured by defendants by threats and menaces, to the effect that unless the mortgagor gave it they would cause her son to be sent to State prison for larceny and embezzlement, for which he was under arrest and indictment on their complaint, they stating if their terms were complied with they would release the prisoner, if in their power, but if not complied with he would be sent to

State prison; that she executed the mortgage while under fear, terror, coercion and duress created by the threats, and that the prisoner was immediately thereafter discharged on his own recognizance. *Held,* that the findings were sufficient to sustain a judgment for the relief sought. *Solinger* v. *Earle* (82 N. Y. 393) and *Haynes* v. *Rudd* (102 N. Y. 372) held not to be in conflict.

(Argued June 10, 1887; decided October 11, 1887.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department made April 2, 1885, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial. (Reported below 36 Hun, 100.)

The nature of the action and the material facts are stated in the opinion.

*Louis Marshall* for appellants. Where one induces another to enter into a contract and part with his property, either by duress or imprisonment, or *duress per minas* the transaction is voidable. (*Foshay* v. *Ferguson*, 5 Hill, 154; *Osborne* v. *Robbins*, 36 N. Y. 365; *Williams* v. *Bayley*, L. R. 1 H. L. C. 200; *Bush* v. *Brown*, 49 Ind. 573, 578; *Richards* v. *Vanderpoel*, 1 Daly, 171.) It is not necessary that the duress should have been exerted upon the person from whom the security is obtained, or that the threats should have been uttered against such person. It is sufficient if the relation existing between the person threatened and the person parting with property or security is so intimate and tender as to lead to the inference that by means of such threats the will of the person parting with the property was overcome. (*Eadie* v. *Slimmon*, 26 N. Y. 10; *Harris* v. *Carmody*, 131 Mass. 51; 20 Am. L. R. [N. S.] 663, 666, *note;* 26 Alb. Law Jour. 224; *Coffman* v. *Lookout Bk.*, 5 Lea, 232; *Haynes* v. *Rudd*, 30 Hun, 237; 83 N. Y. 253; *Foley* v. *Green*, 14 R. I. 618; *Bayley* v. *Williams*, 4 Giff. 638; *Williams* v. *Bayley*, L. R. 1 H. L. C. 200; *Davis* v. *L. & Pro. Ins. Co.*, L. R. 8 Ch. Div. 469; *Whitmore* v. *Farley*, 14 Cox Crim. Cas. 617; *Taylor* v. *Jaques & Co.*, 106 Mass. 291; *Richards* v. *Vanderpoel*, 1 Daly, 61;

*Porter* v. *Jones*, 6 Cald. 313; *Hackett* v. *King*, 6 Allen, 58; *Peed* v. *McKee*, 42 Ia. 689.) The power of a court of equity to interfere in a case like the present for the purpose of decreeing a cancellation of the instrument is undoubted. (Story's Eq. Jur. § 695*a;* Willard's Eq. Jur. [Potter's ed.] 298, 300, 303, 304.) The trial court committed no error in finding that: "Although the transaction between the parties may have included the compounding of a felony, the mortgage in question being procured by duress exercised upon the mort-gagor, this action is nevertheless maintainable, because the parties cannot be said to be *in pari delicto.* (1 Story's Eq. Jur. § 300; *Knowlton* v. *S. & E. Spr. Co.*, 14 Blatch. [103 U. S.] 49; *Collins* v. *Blanton*, 2 Wil. 347; *Smith* v. *Bromley*, 2 Douglas, 695, *note,* 697; *Williams* v. *Headley*, 8 East 378; *Tracy* v. *Tallmadge*, 14 N. Y. 162; *Curtiss* v. *Leavitt*, 15 id. 16; *Osborne* v. *Williams*, 18 Ves. 378; 32 Beavan, 574; *Woodhouse* v. *Meredith*, 1 J. & W. 224; *Chesterfield* v. *Janssen*, 2 Ves. 186; *Norris* v. *McCullock*, 2 Ed. 190; *Foley* v. *Greene*, 14 R. I. 618; 1 Story's Eq. Jur. §§ 298, 300; *Bayley* v. *Williams*, 4 Giff. 638; *Williams* v. *Bayley*, L. R. 1 H. L. C. 200; *Davies* v. *L. & P. M. Ins. Co.*, L. R. 8 Ch. Div. 469; *Whitmore* v. *Farley*, 14 Cox Cr. C. 617, 622.) In a legal sense an action to set aside a mortgage on the grounds of duress is no more an action brought upon the ground of fraud, than is an action for false imprisonment, assault and battery and trespass, and hence it was not barred by section 382 of the Code. (Bishop on Cont., §§ 643, 715, 726; *Pierce* v. *Brown*, 7 Wall. 205.) When a right of recovery exists upon two separate grounds, the loss of one by lapse of time does not impair the other. (Angell on Limitations, 375; *Graham* v. *Luddington*, 19 Hun, 250.) The cause of action, being the claim made by the defendants, of ownership of the mortgage and their threats or attempt to enforce it as a security, so long as the cloud continues upon the plaintiff's title, and the mortgage remains a lien upon it capable of enforcement, and it prevents the plaintiffs from conveying an unincumbered title, the right of action to remove it exists. (*Miner* v. *Beek-*

*man*, 50 N. Y. 337; *People ex rel. Townshend* v. *Cady*, 50 Supr. Ct. R. 399; 99 N. Y. 620; 51 Supr. Ct. R. 316; 4 Kent's Com. [11th ed.] 213, *n.*) In any event the action is one the limitation of which is not specially prescribed, within the meaning of section 388 of the Code of Civil Procedure, and therefore it is not barred until ten years after the cause of action has accrued. (*Peters* v. *Delaplaine*, 49 N. Y. 62; *Hubbell* v. *Medbury*, 53 id. 98; *Miner* v. *Beekman*, 50 id. 337; *Hubbell* v. *Sibley*, id. 458; *Scott* v. *Stebbins*, 91 id. 605; *Brinkerhoff* v. *Bostwick*, 99 id. 185; *Fisher* v. *Mayor*, etc., 67 id. 73, 78; *Oakes* v. *Howell*, 27 How. 145; *Graham* v. *Luddington*, 19 Hun, 246; *Hoyt* v. *Putnam*, 39 id. 405; *In re Striker*, 23 id. 647; 85 N. Y. 629.) The plaintiffs have been guilty of no such laches as will debar them from maintaining this action, it not appearing that the defendants have in the least been injured by the delay, and there being neither a finding nor request to find to that effect. (*Platt* v. *Platt*, 58 N. Y. 646; *McMurray* v. *McMurray*, 66 id. 175; *Boardman* v. *L. S. & M. S. R. R. Co.*, 84 id. 182–184; *Smith* v. *Knapp*, 30 Hun, 309.)

*Julius Lipman* for respondents. This action was barred by the statute of limitations not having been brought within six years after discovery of the facts upon which it is based. (Code Civ. Pro., § 382, subd. 5; *Eadie* v. *Slimmon*, 26 N. Y. 12; *Farmer* v. *Walter*, 2 Edw. Ch. 603.) "Duress," or a violation of a prohibition of a statute which render a contract void are "frauds." Story classifies "duress" under the head of actual fraud. (Story's Eq. Jur., 239; William's Eq., 208.) The representations and threats made did not, in a legal sense, constitute duress. (*Met. L. Ins. Co.* v. *Meeker*, 85 N. J. 614.)

RAPALLO, J. The order of reversal in this case does not state that the judgment rendered at Special Term was reversed upon any question of fact. Error of law must, therefore, be shown to sustain the order of reversal.

The court at General Term, while conceding that the facts found were in other respects sufficient to authorize the judgment, place their reversal wholly upon the ground that the action was barred by the statute of limitations. This is the only error of law assigned, and none other is disclosed by the case.

The action was brought by the heirs-at-law of Mrs. Babet Marx, deceased, to procure the cancellation and discharge of a mortgage on her real estate, executed by her in May, 1873, and duly recorded and held by the defendants. She died on the 22d of September, 1879. No attempt had been made in her lifetime to enforce the mortgage, and, on her decease, it remained on record, an apparent lien upon her real estate, which had descended to the plaintiffs as her heirs-at-law. This action was commenced on the 29th of September, 1879, to restrain the enforcement of said mortgage and procure it to be canceled of record, on the ground that its execution had been procured by duress.

The trial court found that the execution of the mortgage by the said Babet Marx had been procured by the defendants by their threats and menaces, that unless she gave said mortgage they would cause her son to be sent to the State prison for the offense of larceny and embezzlement, which they charged him with having committed against them when in their employ, and for which he was under arrest and indictment on their com plaint, and about to be tried; that they stated to the sister and uncle of the prisoner that he could regain his freedom in no other way than by the payment of $2,000, and that if that sum was not paid he would certainly have to go to State prison; that, after negotiation, the defendants communicated to the mother of the prisoner, through his sister, a statement that he would be sent to State prison unless the mother would pay $1,000 in cash and give a mortgage for $1,999 on the premises in question, the defendants agreeing not to harass her for the said mortgage during her lifetime; that if these terms were complied with they would release the prisoner if in their power, if not he would be sent to State prison; that said Babet Marx, the mother, after a long struggle, consented

to these terms, and executed the mortgage and paid the $1,000 in cash while under the influence of fear, terror, coercion and duress, created by the threats of the defendants, and believing that they would be carried into execution, and the prisoner was immediately thereafter discharged on his own recognizance.

On these facts the court at Special Term rendered judgment directing the cancellation of the mortgage and requiring the defendants to discharge it of record. Upon the merits, this judgment is sustained by *Bayley* v. *Williams* (4 Giff. 638; affirmed, L. R., 1 H. L. Cases, 200) ; *Davies* v. *London, etc., Insurance Company* (L. R., 8 Ch. Div. 469), and is not in conflict with *Solinger* v. *Earle* (82 N. Y. 393), or *Haynes* v. *Rudd* (102 N. Y. 372). The case made by the complaint and findings was a proper one for the removal of a cloud upon the title of the plaintiffs to the real estate which they had inherited from their mother. The mortgage was certainly an apparent lien upon their title, and the facts which constituted their defense to it could only be established by extrinsic evidence. The court, at General Term, reversed the judgment on the sole ground that the action was barred under section 382 of the Code, subdivision 5, which applies a six years limitation to actions "to procure a judgment other than for a sum of money, on the ground of fraud, in a case which, on the 31st day of December, 1846, was cognizable by the Court of Chancery," in which class of cases the cause of action is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud.

We are of opinion that this limitation does not apply to an action, like the present one, to remove a cloud upon the title to land. The action is not brought to recover the land, that being already in the possession of the plaintiffs, but to compel the cancellation of an instrument to which they have a good defense, but which constitutes an apparent lien, and, so long as it remains outstanding, injuriously affects their title, and their defense to which, resting on extrinsic facts to be estab-

lished by evidence, may be imperiled by the lapse of time and the consequent loss of testimony. Should the defendants ever seek to enforce their mortgage the plaintiffs could not, by any lapse of time be barred of the right to prove the facts which constitute their defense to it, although they might be seriously embarrassed in the practical exercise of that right. It is an acknowledged head of equity jurisdiction, resting on these grounds, to remove clouds upon the title to land, at the suit of the owner of the fee. Such owner has a right to invoke this aid and to have an apparent, though not real incumbrance, discharged of record at any time while he continues to be owner. This right, as said in some of the authorities, is never barred by the statute of limitations so long as the cloud continues to exist. (*Miner* v. *Beekman*, 50 N. Y. 337, 343.) The cause of action is not the creation of the cloud, but its existence, its effect upon the title of the owner, and his right to have it removed. That is a continuing right which endures as long as the occasion for its exercise, and is not limited by any statute, unless it be the ten years limitation upon equitable actions not otherwise provided for (Code, § 388), which, even if applicable, does not affect the right of the plaintiffs in this case. But a few months more than six years had elapsed after the execution of the mortgage when this action was commenced. It was not until the death of Mrs. Marx, in September, 1879, that the right of the plaintiffs, as her heirs-at-law, to demand that their land be discharged of the apparent lien of the mortgage, accrued. After that event and immediately before the commencement of this action the plaintiffs demanded of the defendants the execution of a satisfaction-piece of the mortgage, and they refused to execute the same. The plaintiffs thereupon promptly brought this action and we think that they were entitled to the relief demanded.

The order of the General Term should be reversed, and the judgment entered at Special Term affirmed, with costs.

All concur.

Order reversed and judgment affirmed.