THEODORE F. JACKSON *et al.*, as Executors, etc., Respondents,
   *v.* PETER KINSEY as Executor, etc., *et al.*, Appellants.

*Supreme Court, Second Department, General Term, December 9, 1889.*

1. *Limitation.   Cloud.*—An action to remove a cloud from the title is
   not barred by the statute of limitations so long as the cloud exists.
2. *Deed.   Reformation.*—Where the printed portion of a deed, by mutual
   mistake or oversight, contained a covenant against the erection of any
   buildings except of brick or stone with slate or metal roofs within
   forty feet of the front, which was not called for by the contract, the
   deed should be reformed by striking out such covenant.
3. *Judgment.   Relief.*—The plaintiff, where an issue is joined, is not re-
   stricted to his prayer for relief, but may have judgment for such relief
   as the facts alleged and proved will justify.

Appeal from judgment of special term, adjudging that a
certain clause in a deed created a cloud on plaintiff's title,
and reforming the deed by striking out the same.

*Henry A. Monfort*, for appellants.

*Jos. A. Burr, Jr.*, for respondents.

PRATT, J.—In August, 1869, the testators of the respec-
tive parties contracted, in writing, for a purchase and sale
of land, to be conveyed by a warranty deed with the usual
nuisance clause.

In September, 1869, in fulfilment of that contract, defend-
ant's testator, through his attorney, prepared and delivered
to plaintiff's testator a deed of the premises in question.

Through a mutual mistake the conveyance given, in addi-
tion to the usual nuisance clause, contained in the printed
part a covenant against the erection on said land, within

forty feet of the front, of any buildings except of brick or stone, with slate or metal roofs. Such a covenant was not called for by the contract, was not contemplated by either of the parties, and neither of them ever knew that it was contained in the deed. At the time of the sale the lands were used for farming purposes, though they were within the limits of the city of Brooklyn.

At the head of the printed blank form used in preparing the deed, and in the place usually used by the printer to describe the character of the form were the words " Cov. *v.* Nuisance."

At the time the deed was delivered no mention was made of the fact that the deed contained the covenant complained of, nor was that fact known to plaintiff's testator, or his attorney, who did not carefully examine the printed portion of the deed.

Upon receipt of the deed plaintiff's testator entered into possession of the premises and continued in possession up to the time of his death, never having discovered that the deed contained the covenant referred to. Since his death the premises have been in possession of the plaintiffs, who did not discover that covenant in the deed until the year 1887, when it was called to their attention, on their attempting to sell, by the intended purchaser, who refused to accept the title on that account. Thereupon plaintiffs tendered to defend-- ant Kinsey a release of the premises from said restriction, and, later on, an agreement correcting the deed, and requested him to execute the same, offering to pay him $250 for his trouble, but he refused to execute them unless he was paid $1,500. Some two or three years thereafter this action was brought.

All the above facts were alleged in the complaint with the exception of the fact that the printed blank used contained at its head the words " Cov. *v.* Nuisance."

The answer denied that there was any mistake, and alleged that the deed was in conformity with the understanding and

agreement of the parties, and also set up the ten years' statute of limitations.

The judgment appealed from directed that the restriction complained of be stricken out of the deed, and enjoined the defendant from making any claim upon the premises thereunder.

It is well settled that plaintiff is not restricted to the prayer for relief contained in his complaint, but may have judgment for such relief as the facts alleged and proved shall justify.

In this case facts were alleged in the original complaint, and proved on the trial, that showed a cloud on plaintiff's title, which they were entitled to have removed. Carpenter *v.* Carpenter, 40 Hun, 263. Such a right is a continuing one, and is not barred by the statute of limitations so long as it exists. "The cause of action is not the creation of the cloud, but its existence; its effect upon the title of the owner, and his right to have it removed." Schoener *v.* Lissauer, 107 N. Y. 111.

The order should be affirmed, with ten dollars costs, and the judgment affirmed, with costs and disbursements.

DYKMAN J., concurs; BARNARD, P. J., not sitting.