JEREMIAH SULLIVAN et ál., Respondents, v. THE NEW YORK AND ROSENDALE CEMENT COMPANY, Appellant.

In an action to recover damages for the alleged breach of a contract, the complaint alleged that in August, 1884, the plaintiffs S. and F., with E. and B. as joint contractors, entered into a contract, in writing, with defendant to construct a tunnel in its quarry for a certain amount per foot; that prior to any breach thereof, E. and B., with consent of defendant and of S. and F., abandoned the work, leaving further performance to the latter, who continued it and received, from time to time, the contract price, as the work progressed; that on January 2, 1885, D., the other plaintiff, became, with the consent of defendant and S. and F., one of the contracting parties, and was substituted in place of E. and B., by formally executing the original contract; that on December 20, 1885, plaintiffs, at defendant's request, consented to a sus-pension of the work for two weeks; at the end thereof, they presented themselves at the tunnel, and at defendant's place of business, and offered to resume work under the contract, but defendant would not permit them to do so, and, from day to day thereafter, they notified defendant of their willingness to do so, but the latter would not permit them, and they were compelled to seek other employment.    Defendant set up as a defense a default of parties plaintiff, in that E. and B., who were still living, were not joined as plaintiffs.    *Held*, that the con-nection of E. and B. with the contract and the work was fairly dis-closed by the allegations of the complaint; that, under the circum-stances, it did not appear that when the action was commenced they had any interest in the contract; but that if there was a defect of parties plaintiff it appeared upon the face of the complaint, and defendant could only object by demurrer, and not having done so, the objection

was waived (Code Civ. Pro. §§ 488, 498, 499); that it was not necessary that the complaint should show, affirmatively, that E. and B. were living at the commencement of the action in order to make the complaint demurrable, as the presumption of life applies.

As to the breach alleged there was a conflict of evidence, plaintiffs claiming that the suspension was for two weeks only, defendant that no time was specified, or in any event the work was not to be resumed until the commencement of other work on the quarries, which had been suspended at the same time. It appeared that, on December 18, 1885, defendant's agent and plaintiffs agreed to a temporary suspension of the work, and plaintiffs were paid the amount due up to that time. Two weeks after the suspension plaintiffs had several conversations with defendant's agent about a resumption. According to plaintiffs' version they expressed a desire to go on, but defendant fixed no time for resumption. The other work was not fully resumed until January 25, 1886. On February 11, plaintiffs wrote to defendant demanding a definite answer, whether they were to be permitted to perform the contract, stating that they were ready to complete it and requesting an immediate reply. On February 19, defendant claimed it caused verbal notice to be given to plaintiffs that they were at liberty to resume work under the contract. Between the date of plaintiffs' letter and such notice the plaintiffs had obtained employment elsewhere. On February 24, defendant's agent wrote to plaintiffs notifying them to proceed with the work under the contract. This they refused to do, unless compensated for their damages caused by the unreasonable suspension of the work. *Held*, that the question as to how long the work was to be actually suspended, and whether defendant's delay in omitting to notify plaintiffs to resume work after request was unreasonable, was properly submitted to the jury; and they having found in favor of plaintiffs, tnat a breach of the contract was established.

(Argued January 22, 1890 ; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 17, 1888, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

The nature of the action and the facts are sufficiently stated in the opinion.

*John J. Linson* for appellants. There was no breach of the contract on defendant's part ; but, on the contrary, it was plaintiffs who were guilty of a breach, by reason whereof a nonsuit should have been granted. (*Viele* v. *T. & B. R. R. Co.*, 21 Barb. 381; 20 N. Y. 184; *King* v. *Wilson*, 6 Beav.

124; *Barney* v. *Loper*, 16 Barb. 629; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 419; *Battell* v. *Matat*, 2 N. E. Rep. 491; *McKnight* v. *Dunlop*, 5 N. Y. 537; *Goodsell* v. *W. U. T. Co.*, 13 N. Y. S. R. 278; *Rodermund* v. *Clark*, 46 N. Y. 354; *Lawson* v. *Hogan*, 93 id. 39; 13 Wkly. Dig. 8; *Davison* v. *Jersey Associates*, 71 N. Y. 333; *Newton* v. *Wales*, 3 Robt. 453; *Parr* v. *Greenbush*, 112 N. Y. 246; *Reynolds* v. *Nelson*, 6 Mad. 18; *Cythe* v. *La Fontain*, 51 Barb. 186; *Roth* v. *B. & S. L. R. R. Co.*, 34 N. Y. 553; *Davis* v. *Gwynne*, 57 id. 677; *Hedges* v. *H. R. R. R. Co.*, 49 id. 223; *Bryden* v. *Bryden*, 11 Johns. 206.) No injustice is done by the application of these well settled principles; on the contrary the recovery is inequitable. (*Smoot's Case*, 15 Wall. 36; *Allanmon* v. *Mayer*, 43 Barb. 33; *Barker* v. *Rose*, 5 Hill, 76; 2 Chitty on Cont. 1091; Sedgwick on Dam. 257; *Fay* v. *Oliver*, 20 Vt. 118; *Smith* v. *Brady*, 17 N. Y. 173.) The learned trial court erred in permitting an improper element in the case, which must have misled the jury. (*Graves* v. *Hunt*, 26 Wkly. Dig. 567.) There is a misjoinder of parties plaintiff. (*Coe* v. *Hobby*, 72 N. Y. 141; *Mitchell* v. *Hawley*, 4 Den. 412; *Kuhn* v. *Stevens*, 36 How. Pr. 275; Code Civ. Pro. § 448; *P. Bank* v. *Donnell*, 40 N. Y. 410; *Harris* v. *Hollister*, 64 id. 1; *Burgess* v. *Abbott*, 6 Hill, 135; *Strong* v. *Wheaton*, 38 Barb, 616; *Brainard* v. *Jones*, 11 How. Pr. 569; *Scofield* v. *Van Seykle*, 23 id. 97; *Merritt* v. *Walsh*, 32 N. Y. 685; *De Puy* v. *Strong*, 37 id. 372; *Sanders* v. *City of Yonkers*, 63 id. 489.)

*D. M. De Witt* for respondents. At the expiration of the period of suspension agreed to for the accommodation of the defendant, the plaintiffs had the right to resume operations; and any prevention, hinderance or refusal on the part of the defendant constituted in law a total breach of the contract. (2 Addison on Cont. § 871; *Du Bois* v. *D. & H. C. Co.*, 4 Wend. 285; *Taylor* v. *Bradley*, 39 N. Y. 129, 144; *Howard* v. *Daly*, 61 id. 362, 370; *Canda* v. *Wick*, 100 id. 127; *McKnight* v. *Dunlop*, 5 id. 537, 544; *Barber* v. *Rose*, 5 Hill, 76; 2 Parsons on Cont. 662; *Kipp* v. *Wiles*, 3 Sandf. 585,

588; *Glacius* v. *Black,* 50 N. Y. 145, 149; *Levy* v. *Burgess,* 64 id. 390.) The court erred in charging that if the plaintiffs were given, within a reasonable time and before they had engaged in other work, an opportunity to go on with the work that they would be bound to finish it. (*Moody* v. *Osgood,* 54 N. Y. 488, 495; *Morehouse* v. *Yeager,* 71 id. 594; *Rexter* v. *Starin,* 73 id. 601.) There was no error in the court's declining to charge the proposition that the plaintiffs had a right to go on with the work and hold the defendant for damages sustained by the delay. (*Moody* v. *Osgood,* 54 N. Y. 488.) The defect of the parties plaintiff, if any, appearing on the face of the complaint, the defendant should have demurred;. and, it not having done so, this objection is waived. (Code Civ. Pro. §§ 488, 498, 499; *Zabriskie* v. *Smith,* 13 N. Y. 3 22, 336, 337; *Merritt* v. *Walsh,* 32 id. 685, 689, 690; *Depuy* v. *Strong,* 37 id. 372; *Euton* v. *Balcom,* 33 How. Pr. 80; *Sanders* v. *Yonkers,* 63 N. Y. 489, 493; *Green* v. *Lippincott,* 53 How. Pr. 33; *Patchin* v. *Peck,* 38 N. Y. 39.) Neither Bradley nor Enright was a necessary party plaintiff. (1 Lindley on Part. §§ 55, 436–7, 444, 449; 1 Bates on Part. § 329; 2 id. § 1025; *Thrall* v. *Seward,* 37 Vt. 573; *Maynard* v. *Briggs,* 26 id. 94; *Anderson* v. *Holmes,* 14 S. C. 162; Bishop on Cont., §§ 130, 133, 136, 137, 795, 796; *Lattimore* v. *Harson,* 14 Johns. 330; *Dearborn* v. *Cross,* 7 Cow. 48; *Delacroix* v. *Bulkley,* 13 Wend. 71, 75; *Jewell* v. *Schroeppel,* 4 Cow. 564; 2 Parsons on Cont. 721; *Briggs* v. *Partridge,* 64 N. Y. 357, 364; *Du Bois* v. *D. & H. C. Co.,* 4 Wend. 285; *Lawrence* v. *Taylor,* 5 Hill, 107, 113.) The rule of damages as laid down by the court was not excepted to by defendant, and was correct. (*Masterson* v. *Mayor, etc.* 7 Hill, 61, 69; *Devlin* v. *Mayor, etc.* 63 N. Y. 8, 25; *Danalds* v. *State* 89 id. 36; *Bagley* v. *Smith,* 10 id. 489, 500.)

O'BRIEN, J.   The plaintiffs recovered damages in this action for the breach of a contract to construct a tunnel at the defendant's cement works. The complaint alleges and it appears that on the 15th day of August, 1884, the plaintiffs Sullivan

and Foley, with James Enright and Patrick Bradley as joint contractors, entered into a written contract with the defendant, whereby they undertook to construct and complete a tunnel or shaft in the defendant's quarry, the dimensions of which were therein particularly stated. The defendant on its part agreed to pay the contractors for the construction of the tunnel fourteen dollars per face or running foot up to April 1, 1885, and after that date the sum of sixteen dollars per face or running foot until the tunnel should be completed. The defendant was to furnish the necessary materials, and the plaintiffs were to perform the labor, and work was to be commenced August 17, 1884.

The complaint alleged that, before any breach thereof, Bradley and Enright, two of the original contractors, with the consent of the defendant and of their two associates before named, abandoned the work on account of ill-health, and left the performance of the contract to their associates, who continued the work and received the contract price per foot from the defendant, from time to time, as the work was performed. That on January 2, 1885, the plaintiff Daniel Buckley became, with the consent of the defendant and Sullivan and Foley, one of the contracting parties in the place of the other two who, as before stated, had abandoned the work. At this time Buckley was substituted as a party by formally executing the original paper, the defendant assenting thereto. That on the 20th of December, 1885, the plaintiffs, at the request of the defendant, consented to the suspension of the work for two weeks and not longer. That at the expiration of that time the plaintiffs presented themselves at the tunnel and at the defendant's place of business and offered to resume the work under the contract, but the defendant would not permit them to do so, nor furnish them the necessary materials to continue it. That the plaintiffs after that time, from day to day, continued to hold themselves in readiness to go on with the contract, and signified to the defendant their willingness to do so, but were not permitted to by the defendant, until at last the plaintiffs were compelled by necessity to seek other employment. That

plaintiffs were thereby subjected to loss, and damages were demanded for a breach of the contract. The defendant denied all these allegations, and set up as a special defense that there was a defect of parties plaintiff, in that James Enright and Patrick Bradley, who were still living, were jointly interested with the plaintiffs in the cause of action, but were not joined as plaintiffs.

On the trial, the written contract, as changed by the substitution of Buckley, was produced, and there was no controversy in regard to its execution, delivery or validity. As to the breach alleged by the plaintiffs there was conflicting evidence ; the plaintiffs claiming that the suspension was for two weeks only, while the defendant claimed that no time was specified for resuming the work, or, at all events, it was not to be resumed until the commencement of the other general work upon the quarries, which had been suspended at the same time.

Evidence was given by both parties on this question, and it appeared that on the 18th of December, 1885, the defendant's agent and the plaintiffs agreed to a temporary suspension of the work on the contract, and the work was accordingly suspended, the plaintiffs having been paid the balance due them for work up to that time. At the same time the general work in the quarries was also suspended and was not fully resumed until on or about the twenty-fifth of January following. After the expiration of the two weeks several conversations took place between the plaintiffs and the defendant's agent in regard to a resumption of the work under the contract in question ; but the defendant did not, according to the plaintiffs' version, fix any definite time for resuming work, though the plaintiffs expressed a desire to go on, and negotiations to the same effect continued and were had between the plaintiffs and defendant from time to time without any results, until the 11th of February, 1886, when a letter was addressed by the plaintiffs to the defendant demanding a definite answer whether or not they were to be permitted to perform the contract, stating at the same time that they were ready to complete it on their part, and requesting an immediate reply.

The defendant claims that, on the nineteenth of February following, it caused verbal notice to be given to the plaintiffs to the effect that they were at liberty to resume work under the contract. There is some conflict in the evidence as to whether this notice was in fact given as early as that date; but at all events it seems to be the first attempt made on the part of the defendant to comply with the plaintiffs' letter of the eleventh of February, or the demand previously made; and if this notice was given it seems to be the first definite move on defendant's part to permit plaintiffs to resume the work. In the meantime Foley and Buckley, failing to receive an earlier reply, sought and obtained work elsewhere, and Sullivan, apparently abandoning the contract, obtained general employment in the defendant's quarry. On the twenty-fourth of February the defendant's agent wrote to the plaintiffs notifying them to proceed with the tunnel, which the plaintiffs declined to do unless the defendant would compensate them for their damages occasioned by the unreasonable suspension of the work, or would signify its willingness to do so. This demand on the part of the plaintiffs was not complied with. The plaintiffs never, in fact, resumed the work, and brought this action to recover their damages.

While it may be said that the acts and omissions of the defendant in regard to the contract prior to the eleventh day of February were waived by the plaintiffs' letter of that date offering to go on with the work, had the defendant consented, the question still remains whether the delay in answering the plaintiffs' letter, or complying with their definite request, was unreasonable; and upon this question the negotiations between the parties prior to the date of the letter, the condition in which the plaintiffs were placed after the suspension, and the fact that in the meantime they sought and obtained employment elsewhere, as well as the conduct and motives of the defendant, and all the other circumstances were to be considered. If the defendant's permission to allow the plaintiffs to resume work under the contract was unreasonably withheld or delayed, the plaintiffs, under the circumstances, had the right

to treat the contract as broken, and to seek and obtain other employment, as they did. The breach of the contract was predicated on the unreasonable delay of the defendant to permit the contractors to go on with the work after having been requested to do so, and the evidence on this point being conflicting, and of such a character that different inferences could be drawn from it, a question of fact was presented.

The trial court submitted to the jury the question as to how long the work was actually to be suspended under the agreement between the plaintiffs and the defendant, and also the question whether the defendant's delay in omitting to notify the plaintiffs to resume work after request was or was not, under all the circumstances of the case, unreasonable, instructing them that if, in their opinion, the delay on the part of the defendant was unreasonable, then a breach of the contract was established.

We think the verdict of the jury must be taken as a determination of this question in favor of the plaintiffs. It is true that reasonable time, or, as in this case, whether the delay was reasonable or not, is generally a question of law. But that is so only when the facts are clearly established, or are undisputed or admitted. If the facts are not clearly established, or if the question of time depends upon other controverted facts, or where the motives of a party enter into the question, it must necessarily be submitted to the jury as a question of fact. (*Mead* v. *Parker,* 111 N. Y. 262; *Lawrence* v. *Ocean Ins. Co.,* 11 Johns. 241; 2 Parsons on Cont. 662; *Howe* v. *Huntington,* 15 Me. 354; *Hill* v. *Hobart,* 16 id. 164; *Greene* v. *Dingley,* 24 id. 131; *Cocker* v. *F. H. & F. M. Co.,* 3 Sum. 530; *Ellis* v. *Thompson,* 3 M. & W. 445.)

We think the evidence in this case as to the period of time during which the work was to be suspended by agreement of the parties, as well as that bearing upon the omission of the defendant to notify or permit the plaintiffs to resume the work upon which allegation a breach of the contract was sought to be established, was properly submitted to the jury.

As to the nonjoinder of Enright and Bradley, as parties plaintiff, their connection with the contract and the work,

was fully disclosed by the allegations of the complaint. It was alleged that, prior to the suspension of the work, on the 18th of December, both of them had abandoned the contract and that the plaintiffs, with defendant's consent, continued the work in the same manner as if they had been the sole original contractors. They were treated as such by the defendant, as they were paid for their work from time to time as it progressed. Moreover, the omitted persons were not parties to the agreement under which the work was suspended, nor to the subsequent negotiations with the defendant for its resumption, which it was claimed amounted to a breach of the contract. No recovery is claimed for anything done under the contract prior to the time they abandoned it, with the consent of all the other parties. Under these circumstances it is by no means certain that they had any interest in this contract at the time the action was commenced. It might well be said that, by the acts and agreements of the plaintiffs and the defendant, those two persons were released from their obligations and the plaintiffs substituted in their place as sole contractors. It is not necessary, however, to pass upon that question, as it is quite clear that the defendant has not taken that objection in the proper way.

The defect, if any, appeared upon the face of the complaint, and, therefore, the defendant could make the objection only by demurrer. Not having done so the objection is waived. (Code, §§ 488, 498, 499.)

It is urged on the part of the defendant that, inasmuch as the complaint did not state that these two persons were living at the time of the commencement of the action, a demurrer was not proper and could not be sustained. We think that it was not necessary that the complaint should affirmatively show that the parties were living at the commencement of the action in order to make the complaint demurrable. All the other facts sufficient to warrant a demurrer appearing on the face of the complaint and the objection having been made by reason of a nonjoinder of parties plaintiff, the usual presumption of life applies for this purpose. (*Burgess* v. *Abbott,*

1 Hill, 476 ; *Zabriskie* v. *Smith*, 13 N. Y. 322 ; *Merritt* v. *Walsh*, 32 id. 685 ; *DePuy* v. *Strong*, 37 id. 372 ; *Sanders* v. *Yonkers*, 63 id. 489 ; *Eaton* v. *Balcom*, 33 How. Pr. 80 ; *Green* v. *Lippincott*, 53 id. 33.)

We have examined the exceptions taken by the defendant on the trial and to the charge of the court, and are of opinion that none of them are tenable.

The judgment should be affirmed.

All concur.

Judgment affirmed.