### DE FOREST v. WALTERS et al.

(Supreme Court, General Term, Second Department. May 14, 1894.)

1. TOWNS—CONVEYANCE BY—AUTHORITY OF PRESIDENT OF BOARD.
    Plaintiff purchased from the board of trustees of a town a parcel of land under water. The boundaries of the land sold were plainly defined, but the deed executed by the president of the board included in addition the land in controversy. *Held,* that the deed was void as to the land in controversy, since the president either made a mistake or exceeded his authority.

2. STATUTE OF LIMITATIONS—POSSESSION UNDER DEED.
    Where a deed from the trustees of a town includes other land than that intended to be sold, and the grantee takes possession only of the parcel intended to be sold, and the town remains in possession of the residue, the statute of limitations does not run in favor of the grantee.

Appeal from circuit court, Suffolk county.

Action by Robert W. De Forest against Samuel A. Walters and the board of trustees of the town of Huntington to recover possession of land. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and DYKMAN and PRATT, JJ.

Thomas Young, for appellant.

N. S. Ackerly (Wilmot M. Smith, of counsel), for respondents.

DYKMAN, J. This is an action of ejectment brought against the defendant Samuel A. Walters to recover the possession of a piece of land under the waters of Cold Spring harbor, in the town of Huntington, Suffolk county. The defendant Walters has possession of the premises by virtue of a written lease to him executed by the board of trustees of the town of Huntington, dated October 2, 1892. The plaintiff bases his title upon a deed executed by the board of trustees to Henry G. De Forest, dated November 19, 1870. The board of trustees, by their answer, interposed three defenses, as follows: First. That Elias Baylis, president of the board of trustees, by whom the deed was executed to De Forest, had no authority to execute a conveyance of any part of the land described in the complaint in this action. Second. That the board of trustees, at about the date of the deed, sold at public auction to the plaintiff, De Forest, a tract of land under water in Cold Spring harbor, the boundaries of which were distinctly pointed out on the day of sale; that the said deed was intended to convey the land so sold, but, by mutual mistake, was so worded as to make it appear that it embraced other lands, including the lands described in the complaint. Third. That such description in that deed was made by mistake on the part of said Baylis, and by fraud on the part of the

plaintiff, so as to make it appear to embrace lands not sold, and not intended to be sold or conveyed, to the plaintiff. The case was tried at the Suffolk county circuit, before a jury, to which the question of the authority of the president of the board of trustees to execute the deed was submitted, but the other questions were reserved for decision by the court. The jury found a verdict for the plaintiff on the question submitted. But the court subsequently filed a decision setting aside the verdict of the jury, as against evidence, and finding that the board of trustees sold to the plaintiff a piece of land under water, in Cold Spring harbor, which did not include the premises in question; that the president of the board, Elias Baylis, and the plaintiff, both directed a lawyer by the name of Charles R. Street to draw a deed of the premises sold, and that such deed was drawn, executed, and delivered, and accepted, but by mutual mistake the description embraced lands not so sold and purchased, and not intended to be, and that the description embraced the lands described in the complaint, and a large tract in addition thereto; that the plaintiff took possession of the lands actually sold, and his successors remained in possession thereof from that time; that the board of trustees of the town of Huntington remained in possession of the other lands embraced in such erroneous description, and were in possession thereof, either directly or by their lessees, at the time of the commencement of this action. Judgment was entered upon that decision dismissing the complaint of the plaintiff, and reforming the deed, so as to embrace only the land actually sold by the board of trustees to the plaintiff. From that judgment the plaintiff has appealed to this court.

Our examination of the case leads us to the conclusion that the submission of the question to the jury was erroneous, and that the verdict was properly set aside, and that the testimony fully justifies the finding of the judge. If the boundaries in the deed to the plaintiff under which he claims title included the premises he claims, then it is void, because there was no authority for the execution of such a conveyance. The testimony of Street, the lawyer who drew the conveyance, shows that both parties knew precisely what was sold, and that the plaintiff knew that the president had no authority to convey more than was sold. Hence, a verdict that the president had authority to convey more than was sold is directly against the evidence, and could not be permitted to stand. That portion of the deed which assumes to convey the premises in this case being void for want of power in the officer of the corporation to execute it, the judgment, for that reason, should be affirmed. The property intended to be conveyed was plainly defined, and nothing more can pass by the sale and conveyance. The evidence of mistake is overwhelming, and justice is plainly worked out by this judgment.

In respect to the statute of limitations, it is to be said that both parties assumed, up to the time of the commencement of this action, that the deed to the plaintiff embraced only the land sold at auction. The plaintiff took possession only of the land he bought, and the town remained in possession of the remaining land, as if the deed was drawn precisely in accordance with the facts; and reformation

of the deed gives the town no more than it already has, and deprives the plaintiff of nothing he has ever had.　So that, in substance and in effect, the relief asked for, and granted, is nothing but the removal of a cloud upon the title of the town.　If the plaintiff, after he had received his deed, had entered into possession of all the premises which he now claims to be embraced therein from the town, claiming a title thereto by virtue of such deed, an action on the part of the town to reform the deed so as to embrace only the land sold at auction would be barred by the statute of limitations; but now the case is entirely different, as we have already stated, for the reason that the plaintiff did not take possession of the land which he now claims.　Schoener v. Lissauer, 107 N. Y. 111, 13 N. E. 741; Miner v. Beekman, 50 N. Y. 337.

The exceptions disclose no error, and the appeal is destitute of merit.　The judgment should be affirmed, with costs.　All concur.