NELSON E. KELLY and Another, Administrators, etc., of JUDSON H. BARNES, Deceased, and Others, Respondents, *v.* GEORGE E. JAY, Appellant.

*The deposition of a party under Code of Civil Procedure, § 838 — foreclosure of a mortgage restrained — appointment of an administrator unquestionable — mis- joinder of parties plaintiff — objection by demurrer — order made under the Code of Civil Procedure, § 870 et seq. without notice, not appealable.*

Under the provisions of section 838 of the Code of Civil Procedure the testimony of a party to an action, taken at the instance of the adverse party, orally or by deposition, may be rebutted by other evidence, and the party compelling the examination may prove his case by any competent evidence, although such evidence may show the facts to be different from the statements made in the

deposition of the party examined, and may operate to contradict such state-
ments, and the declarations of the party examined may be shown, although
they differ from the statements made in his deposition.

In an action brought by the administrators and heirs at law of a decedent to
restrain the foreclosure of a mortgage, the defendant has not the right, in the
absence of a charge of fraud or collusion, to contest the jurisdiction of the
Surrogate's Court in its appointment of such administrators, on the ground
that the deceased was not a resident of the county in which letters of administra-
tion were granted.

*Semble,* that an action may be brought in equity by the heirs at law and adminis-
trators of an intestate to restrain the foreclosure of a mortgage, to have it
declared paid and satisfied, and to compel its cancellation of record.

Where the facts which are alleged to show the misjoinder of parties plaintiff
appear upon the face of a complaint the objection to the same, if taken at
all, must be taken by demurrer and not by answer, and if not taken by
demurrer such objection is waived.

An order made by a county judge under section 870 *et seq.* of the Code of Civil
Procedure, without notice, is not appealable.

APPEAL by the defendant, George E. Jay, from a judgment of the
Supreme Court in favor of the plaintiffs, entered in the office of the
clerk of the county of Broome on the 26th day of August, 1893,
upon the report of a referee, with notice of an intention to bring
up for review on such appeal an order dated the 5th day of January,
1893, made by the Broome county judge, directing the defend-
ant to appear before a referee therein named, to be examined con-
cerning the matters involved in the action.

*John W. Church,* for the appellant.

*A. D. Wales,* for the respondents.

MERWIN, J.:

On the 3d day of April, 1876, Judson H. Barnes, then being the
owner of a farm of 165 acres situated in the town of Colesville, in
the county of Broome, executed and delivered to William M.
Merrills a mortgage thereon to secure the payment of the sum of
$452 in three years from its date, with interest. This mortgage was
duly recorded in Broome county clerk's office April 5, 1876. On
the 31st day of December, 1891, the mortgage and the bond accom-
panying the same were assigned by Merrills to the defendant, and
the assignment was duly recorded on June 4, 1892. On July 23,
1892, Judson H. Barnes, still being the owner of the farm, died

intestate. His heirs at law are parties plaintiff herein, and the administrators of his estate are also plaintiffs. On or about December 25, 1892, the defendant commenced a foreclosure of the mortgage by advertisement, and in the notice there was claimed to be due $452 of principal and $99.74 interest.

The object of the present action is to restrain the foreclosure of this mortgage, have it declared paid and satisfied and compel its cancellation of record. It is alleged in the complaint that the defendant at the time he obtained the assignment was indebted to the mortgagor Barnes in the sum of several thousand dollars, and had in his possession several thousand dollars, the property of Barnes, and that the defendant procured the assignment with the funds of Barnes and in reality for his benefit; also, that at the time of the death of Barnes the defendant was indebted to him in the sum of several thousand dollars for money which he had received from the sale of lumber and ties and other sources, over and above the amount due on the bond and mortgage, so that at the time of the death of Barnes the bond and mortgage were not existing obligations or securities in favor of defendant. The defendant in his answer claims to hold the bond and mortgage for the full amount, denies that he obtained the assignment with the funds of Barnes or for his benefit, or that he was at the time of the assignment or of the death of Barnes indebted to him. And he alleges that prior to the death of Barnes "he had a full settlement of all matters of deal and difference of every name and difference between himself and said Judson H. Barnes, except the mortgage mentioned in the complaint, and a certain mortgage formerly held by the defendant against said Judson H. Barnes, and the same were settled, compromised and mutually released."

The defendant also alleged in his answer that Barnes, at the time of his death, was a resident and inhabitant of the town of Afton in Chenango county, and that, therefore, the surrogate of Broome county had no jurisdiction to appoint the plaintiffs Kelly and German B. Barnes administrators of the estate of Judson H. Barnes, and that for that reason they as administrators have no right to maintain the action; also, that there is a misjoinder of parties plaintiff in that the plaintiff administrators are improperly joined with the

plaintiff heirs of Judson H. Barnes; also, that plaintiffs have a complete and adequate remedy by action at law.

At the trial it appeared that, at the time of the assignment and for some time before and after, the defendant was the agent of Barnes in getting out timber and ties from the said farm of Barnes and in selling the same and receiving the avails. The referee in substance finds that at the time of the assignment the defendant had in his hands of the moneys of Barnes a sum greater than the mortgage, principal and interest, over and above the value of defendant's services as agent; that the assignment was obtained with the funds of Barnes which the defendant had in his hands; that at the time of the death of Barnes and of the commencement of this action the defendant had in his hands of the moneys received by him as agent, and over and above what he had expended as such and the value of his services, a sum greater than the amount of such mortgage; that Barnes died without ever having any settlement with the defendant of the matters in regard to which the defendant had acted as agent.

As matter of law the referee found that the bond and mortgage and the indebtedness thereon were, on December 31, 1891, by the payment of the principal and interest to Merrills by the defendant, paid and canceled; that the defendant received the assignment in trust for Barnes; that plaintiffs were entitled to judgment directing the defendant to execute and acknowledge a satisfaction, and that the mortgage be canceled and satisfied of record and that the defendant be restrained from foreclosing the same. Judgment was accordingly entered.

The appellant does not find any particular fault with the law which the referee applies to the facts as he finds them to be (see 1 Pom. Eq. Juris. § 422; 1 Perry on Trusts, § 127; 2 Jones on Mort. § 1496; *Ferris* v. *Van Vechten*, 73 N. Y. 120), but it is strenuously urged that the findings on the facts are not sustained by the evidence. The defendant does not claim that the assignment was taken to him with the knowledge or consent of the deceased, but that he, the defendant, paid for it with his own money, and that afterwards, and about a week before the death of Mr. Barnes, he settled with him and accounted for all the moneys he had received without reference to the mortgage, and agreed with Mr. Barnes to

pay the balance which he had in his hands upon a claim that the father of defendant had against Mr. Barnes for board.

The main questions of fact were: *First*, whether the defendant in obtaining the assignment used the funds of his principal, and, *second*, whether there had been a settlement between defendant and Barnes on or about July 15, 1892. Upon these subjects a large mass of evidence was presented, and much that was conflicting. The referee had the benefit of the personal presence of the witnesses. A careful consideration of the evidence leads us to the conclusion that the findings of the referee are abundantly sustained.

Before the trial the deposition of the defendant was taken upon the application of the plaintiffs, and on the trial certain portions of this deposition were read in evidence by the plaintiffs and the balance by the defendant. The appellant claims that the referee erred in thereafter admitting in evidence, on the part of plaintiffs, declarations of the defendant contradictory to some extent of the statements in his deposition. By section 838 of the Code of Civil Procedure it is provided that the testimony of a party taken at the instance of the adverse party, orally or by deposition, may be rebutted by other evidence. This allowed the plaintiffs to prove the facts of their case by any competent evidence, although such evidence might show the facts different from the statements in defendant's deposition, and so operate to contradict him. This rule would allow the plaintiffs to show declarations of defendant although they differed from the deposition. (See *de Meli* v. *de Meli*, 120 N. Y. 490; 2 Rumsey's Pr. 27; 1 Greenl. Ev. § 443.)

The appellant claims that the referee erred in refusing to find that Judson H. Barnes at the time of his death was a resident and inhabitant of Chenango county. This was immaterial unless the defendant had a right in this action to contest the jurisdiction of the Surrogate's Court of Broome county in its appointment of the administrators plaintiffs. It is not claimed that the papers before the surrogate of Broome county were not regular or did not contain all that was required upon such an application. (Code Civ. Proc. § 2662.) The record of the proceedings in the Surrogate's Court resulting in the appointment of the administrators was received in evidence without objection. The papers themselves are not printed in the case. It is found by the referee that the appoint-

ment was regularly made and that letters were duly issued. No fraud or collusion is charged. So, that under section 2473 of the Code, the question of jurisdiction of the Surrogate's Court would not in this case be an open one. (*Bolton* v. *Schriever*, 135 N. Y. 65.)

It is also claimed that there is a misjoinder of parties plaintiff, in that the plaintiffs, the administrators, are improperly joined with the plaintiffs, the heirs of Judson H. Barnes, deceased. This is alleged in the answer. The facts raising the question appear on the face of the complaint, so that the objection, if taken at all, should have been taken by demurrer. Not being so taken it was waived. (Code, §§ 498, 499; *Patchin* v. *Peck*, 38 N. Y. 39; *Sullivan* v. *N. Y. & R. C. Co.*, 119 id. 348, 356.) It is not entirely clear that the administrators were not proper parties to the action. (2 Barb. Ch. 196; 1 Beach Modern Eq. Pr. §§ 76, 77.) The heirs were seeking to remove a cloud upon their title. That was the burden of the complaint. In the investigation of the subject the claims of the administrators against the defendant were to some extent involved. They were interested in the question whether the mortgage was to be deemed paid from the property of the deceased, or whether the defendant would have in his hands so much more of the estate of the deceased to be accounted for. There is some ground for saying that if the mortgage was declared to have been paid the administrators should be in a position to be bound by the adjudication. It may be that the deceased had an option whether or not to consider the mortgage as paid. This he did not exercise in his lifetime, as there was no settlement. It matters not to the defendant whether that option descended to the heirs or to the personal representatives, as in bringing this suit both elect to treat the mortgage as paid.

The appropriate remedy for the heirs was in equity. (*Schoener* v. *Lissauer*, 107 N. Y. 111, 117; *Smith* v. *Reid*, 134 id. 578; *Swarthout* v. *Ranier*, 67 Hun, 250; 1 Story's Eq. Juris. § 705.) They had a right to bring the action. (4 R. S. [8th ed.] 2461, § 4.)

Our attention is called to a number of exceptions to rulings upon the admission or rejection of evidence. These we have examined, but find no sufficient basis for a reversal.

The order of January 5, 1893, referred to in the notice of appeal,

was an order made by the county judge under the provisions of the Code (§ 870, *et seq.*) for the examination of the defendant before trial. It was granted upon the application of the plaintiffs without notice. Under it the deposition was taken that was used on the trial. No motion was made to vacate or modify the order. Not being made upon notice it was not appealable. (Code, §§ 1347, 1348, note by Throop to § 1347; *People ex rel., etc., Schlehr* v. *Common Council*, 30 Hun, 636.)

It follows, therefore, that the appeal from the order should be dismissed and the judgment be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Appeal from order dismissed and judgment affirmed, with costs.