FRANKLIN v. BEEGLE et al.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

1. APPEAL—QUESTIONS REVIEWABLE.
     On appeal from a final judgment the question whether its entry violated an order staying the proceedings is not reviewable.

2. MORTGAGES—FORECLOSURE—PARTIES—RIGHT TO DEMURRER.
     In mortgage foreclosure, a defendant claiming an interest subordinate to the incumbrance is entitled to demur on the ground that one whose presence was necessary to enable a purchaser at foreclosure to get a good title was not a party.

3. SAME—PARTIES TO MORTGAGE—NECESSARY DEFENDANTS—PRESUMPTIONS.
     On the foreclosure of a mortgage given by a husband and wife, though there were no allegations that the wife was living, or that she had not released her dower, the complaint was demurrable for not making her a defendant, owing to the presumption of life and of the continuance of an inchoate right of dower.

Appeal from Special Term, Suffolk County.

Action by William Franklin against William H. Beegle and others. Appeal by defendant Lucy E. W. Wilson from a judgment overruling a demurrer to the complaint and from a final judgment of foreclosure. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

Robert L. Stanton (Edward A. Alexander, on the brief), for appellant.

Thomas J. Ritch, Jr., for respondent.

MILLER, J. The defendant Wilson, who appeals from a final judgment in an action to foreclose a mortgage made by the defendant William H. Beegle and wife to the plaintiff, brought an action to set aside as fraudulent and void a deed of the mortgaged premises from herself to the defendant Beegle, together with the mortgage foreclosure of which is decreed by the final judgment appealed from. A motion was made by the appellant in this action to stay all proceedings until the trial and determination of said action brought by her to set aside the deed and mortgage as aforesaid; and upon her consent that the place of trial of the action brought by her be changed from the county of New York to the county of Suffolk it was ordered that all proceedings on the part of the plaintiff in this action be stayed until the trial and final determination of said action wherein said defendant (appellant) was plaintiff, ex-

cept the trial of the issue of law raised by the demurrer of the defendant to the complaint, the defendant having demurred thereto. The issue of law thus raised was tried, and determined in favor of the plaintiff, and upon such determination an interlocutory judgment was entered overruling the demurrer and providing for final judgment in the event of the defendant's failure within 20 days to answer and pay the costs. From this interlocutory judgment the defendant appealed. After the expiration of 20 days, no answer having been served, the plaintiff moved for final judgment of foreclosure. The appellant appeared on said motion, and presented affidavits showing the aforesaid facts. A final judgment of foreclosure, however, was rendered, from which the defendant appeals, giving notice of intention to bring up for review also the interlocutory judgment.

The first point urged for reversal of the judgment appealed from is that it was entered in violation of the order staying all proceedings of the plaintiff in the action except the trial of the issue of law raised by the demurrer. No order directing the entry of final judgment is found in the record, and, while we are of opinion that the entry of final judgment violated the terms of the stay, that question cannot be raised by an appeal from the judgment. We can, however, review the interlocutory judgment overruling the demurrer. Section 1301, Code Civ. Proc. The complaint alleges that the mortgage sought to be foreclosed was executed by the defendant William H. Beegle and by Lavinia B., his wife. Lavinia B. is not made a party to the action, and one of the grounds of demurrer is that there is a defect of parties defendant in that respect. The wife of a mortgagor who joins in the execution of the mortgage is a necessary party defendant to the complete determination of the matters involved in a mortgage foreclosure. It is alleged in the complaint that the appellant has or claims some interest in or lien upon the mortgaged premises, or some part thereof, which is subject and subordinate to the lien of the said mortgage. If this be true, she has an interest in having every person present whose presence is necessary to enable a purchaser at foreclosure sale to get good title. The learned court at Special Term overruled the demurrer upon the ground that "the court cannot presume that the mortgagor, Lavinia Beegle, continues to have an interest in the premises." There is no allegation in the complaint that Lavinia Beegle is still living, or that she has not released her dower interest, but for the purpose of a demurrer the usual presumption of life arises. Sullivan v. N. Y. & R. C. Co., 119 N. Y. 348, 23 N. E. 820, and cases cited. The elementary rule as to the presumption of a continuance of a state of facts once shown to exist is quoted with approval by Judge Vann in City of Cohoes v. D. & H. C. Co., 134 N. Y. 407, 31 N. E. 891, as follows:

"When the existence of a person, a personal relation, or a state of things is once established by proof, the law presumes that the person, relation, or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question."

There is certainly no fact alleged in the complaint to overcome the presumption that the life of Lavinia Beegle and her inchoate right of dower continue to exist, and certainly no contrary presumption can be raised "from the nature of the subject."

It follows, therefore, that the court erred in overruling the demurrer. The final and interlocutory judgments appealed from should be reversed, with costs, and the defendant's demurrer sustained, with costs, with leave to the plaintiff to amend his complaint within 20 days upon payment of costs. All concur, except HOOKER, J., not voting.