### MOORE *v.* MILLER *et al.*

#### (*Circuit Court, S. D. California.* August 8, 1890.)

LIMITATION OF ACTIONS—RUNNING OF STATUTE.
> The statute of limitations begins to run against a suit to quiet title from the time the defendant takes possession of the land.

In Equity.
*F. S. Stratton* and *Finlayson & Finlayson*, for complainant.
*Mastick, Belcher & Mastick*, for defendants.

ROSS, J. This is a bill in equity to quiet title to a certain tract of land under the provisions of section 738 of the Code of Civil Procedure of California, and by stipulation of counsel the sole point for decision is whether or not the suit is barred by the statute of limitations. The facts in relation to that question are conceded to be truly set out in the amended answer, and are, in substance, as follows: The land is a thirty-sixth section, and was granted to the state of California by the act of congress of March 3, 1853, and the title of the state thereto became complete and absolute August 6, 1855. On the 7th of April, 1874, the state issued its patents for the land to one Hewlett, and on April 17, 1874, Hewlett conveyed his interest therein to defendants, who thereupon and on that day entered into possession of the premises under claim of title, exclusive of other right, founding their claim upon the patents to Hewlett and the conveyance from him, and without any knowledge of any defect in that title; and at all times since they have had and maintained, and now have and maintain, actual, continuous, open, and notorious possession of the premises, claiming title thereto in good faith under said patents and conveyance, adversely to the state of California and to complainant and his grantors and predecessors in interest, and to the whole world; and during all of that time defendants had, and now have, the premises protected by a substantial inclosure, and have used, and still use, the same for pasturage. Complainant claims title under certain certificates of purchase issued by the state June 16, 1869, to one Porch and one Mardis, whose title, if any, is vested in complain-

ant. These certificates were duly and regularly issued, and the purchasers paid to the state thereon 20 per cent. of the purchase price, and one year's interest on the balance; but no further payments have been made. Neither the state of California, nor complainant, nor any of his grantors or predecessors in interest, have received the rents or profits of the premises, or of any part thereof, at any time within the space of 10 years preceding the commencement of this suit, and said state has never since issuing the patents to Hewlett asserted or claimed any title to or interest in the premises. The amended answer sets up these facts, and also alleges that the right or title claimed by complainant did not accrue to the state, or to complainant, or to any of his grantors or predecessors in interest within 10 years before the commencement of the suit, and also pleads in bar of the action sections 315 and 316 of the Code of Civil Procedure of California, which read as follows:

"Sec. 315. The people of this state will not sue any person for or in respect to any real property, or the issues or profits thereof, by reason of the right or title of the people to the same, unless (1) such right or title shall have accrued within ten years before any action or other proceeding for the same is commenced; or (2) the people, or those from whom they claim, shall have received the rents and profits of such real property, or of some part thereof, within the space of ten years. Sec. 316. No action can be brought for or in respect to real property by any person claiming under letters patents or grants from this state, unless the same might have been commenced by the people, as herein specified in case such patent had not been issued or grant made."

Applying these provisions of the statute to the conceded facts of the case, it does not seem to me to admit of doubt that the suit is barred. Unless the state could have commenced the suit had no grant been made by it, the complainant is barred by the provisions of section 316, and whether or not the state could have done so must be determined by reference to section 315. By that section the legislature declared that the people should not sue any person for or in respect to any real property by reason of their right or title to the same unless such right or title shall have accrued within 10 years before the commencement of the suit, or the people, or those from whom they claim, shall have received the rents and profits of such real property, or of some part thereof, within the space of 10 years. It is a conceded fact that neither the people of the state nor those from whom they claim have received the rents or profits of the land in controversy, or of any part of it, within the space of 10 years next preceding the bringing of this suit. Did their right or title accrue within 10 years next before its commencement? Manifestly, the right and title of the people to the property accrued at least as early as the grant from the general government became complete and absolute, which is conceded to have been August 6, 1855. But, of course, until there was some interference with that right or title no cause of action could accrue. The complainant contends that the suit in question is not within the statute because it is not brought by reason of his right or title to the property, but by reason of the adverse claim of the defendants. Clearly this is not so. Neither of those things alone, in this case or in

any other case, could constitute a cause of action. In every case that must necessarily consist of at least two things: the right of the complaining party, and the wrong committed against that right by the other party. In this case the cause of action arose upon the entry of the defendants upon the premises April 17, 1874, which was an invasion of the right flowing from the title to the property, and the suit, not having been commenced within 10 years from that time, is barred by the provisions of the section in question. *Weber* v. *Commissioners,* 18 Wall. 70, 71; *People* v. *Center,* 66 Cal. 564, 5 Pac. Rep. 263, and 6 Pac. Rep. 481; *People* v. *Arnold,* 4 N. Y. 508. There must be judgment for defendants dismissing the bill, with costs.