ROBERT A. BATTY ET. AL., APPELLEES, V. CITY OF HASTINGS ET AL., APPELLANTS.

FILED NOVEMBER 20, 1901.    No. 11,671.

Commissioner's opinion, Department No. 2.

1. **Action Quia Timet Not Barred by Statute of Limitations.** A cloud upon the title of an owner of real property in possession thereof constitutes a continuing cause of action, not accruing once for all at the creation of the cloud, but available as a cause of action at all times during its existence. Hence an action to remove such cloud is not barred by lapse of the statutory period of limitation of equitable actions after the date of its creation.

2. **Subsequent Purchaser:** SPECIAL ASSESSMENT: RIGHT OF ACTION. A subsequent purchaser of property against which a special assessment has been levied, may sue to establish the invalidity of such assessment.

3. **The Phrase "Subject to Incumbrances" in a Conveyance Means Valid Incumbrances.** Where property is conveyed "subject to incumbrances" generally, no specific incumbrances being named, it will be presumed that valid and subsisting incumbrances are referred to, and the grantee will not be estopped by the mere words of the conveyance from asserting the invalidity of an apparent lien existing at the date of the transfer.

4. **Petitioner for Improvement Not Estopped to Assert Invalidity of Assessment.** No estoppel to assert the invalidity of such an assessment arises from the mere fact that the plaintiff was one of the petitioners for the improvement in question.

5. **Laches:** VOID SPECIAL ASSESSMENT: DELAY. Delay in proceeding against a void special assessment does not, of itself, amount to laches.

6. ——: ——: ——. Where acts of a municipality, alleged to have been in reliance upon a petition for a public improvement, were done before the assessment in question was levied, at a time when irregularities and deficiencies in the petition might have been remedied, and the municipality had the power to perform such acts without assessment against property benefited, delay on the part of the owners of assessed property in investigating and attacking the assessment will not bar their action to establish its invalidity.

7. Statute Must Be Followed Strictly. It is the settled construction of the statutes of this state relating to municipal corporations that the several steps required to be taken in assessing the cost of public improvements against property benefited must be pursued strictly.

8. Special Assessments: SIGNATURES TO PETITION MUST BIND OWNERS. Property owners whose property will be charged by the establishment of a paving district are entitled to insist that the several petitioners therefor sign in such a way as to be fully and legally bound, and no signatures which do not so bind the owners of the property purported to be affected thereby may be counted in passing upon the validity of such a petition.

9. Former Opinions Adhered To. *Leavitt v. Bell*, 55 Nebr., 57, and *Von Steen v. Beatrice*, 36 Nebr., 421, reexamined and adhered to.

APPEAL from the district court for Adams county. Heard below before ADAMS, J. *Affirmed.*

*L. J. Capps,* for appellants.

*J. B. Cessna* and *Batty & Dungan, contra.*

*W. C. Lambert* and *James H. Adams, amici curiæ.*

Argued orally by *Capps* for appellants; by *Cessna, contra.*

POUND, C.

In 1892 the city council of Hastings, pursuant to a petition purporting to be signed by the owners of a majority in front-feet of the property abutting upon certain streets, created a paving district and, after a proposition had been duly submitted and voted upon and bonds issued for paving the intersections, proceeded in November, 1894, to as-

sess the cost of paving said district upon the property abutting on the several streets therein. This suit was brought by some thirty-eight property owners in said district to have such assessment declared invalid, to enjoin collection of the same and to remove the clouds upon their several titles by reason thereof. A decree was rendered as prayed for, from which this appeal has been taken.

Most of the questions raised have been passed on heretofore in the many cases of this character which have been brought to this court, and we have only to apply the principles therein settled to the circumstances of this particular controversy. The one point not previously passed on in this connection, or requiring independent consideration, arises upon defendants' plea of the statute of limitations. The assessment was levied on November 9, 1894, and, under the terms of the statute became, if valid, a lien from and after that date. Suit was begun on November 14, 1898. It is argued that plaintiffs' cause of action accrued when the assessment was levied and the cloud created, and that, as the four years limited by the Code for commencing actions not otherwise provided for had elapsed, the action is not maintainable. In *Eayers v. Nason,* 54 Nebr., 143, the application of the statute of limitations to suits to quiet title was considered, and the court said: "If a defendant is in the adverse possession of a plaintiff's real estate, claiming title thereto, plaintiff's cause of action accrues when such adverse possession begins. If the defendant be out of possession, asserting title or claim to the real estate, the cause of action accrues when such claim or title is asserted. If the conveyance, instrument, or thing on which the assertion of title is based is of record, perhaps the cause of action accrues when such conveyance, instrument or thing is placed of record." If such be a complete statement of the rule, it may well be argued that plaintiff's cause of action to remove the cloud accrued when the assessment was levied, became of record and appeared and was asserted as a lien upon the property in the district. But it is not clear that the language

quoted was intended to lay down a complete rule. The cloud sought to be removed was an unrecorded deed and the court merely pointed out that in any event the cause of action would not accrue till the deed was recorded or title was asserted thereunder. Pleasants v. Blodgett, 39 Nebr., 741, 744. Where a plaintiff out of possession brings the statutory action to quiet title, it is undoubtedly true that the statute begins to run from the time when defendant's possession became adverse. But, while a cause of action clearly accrues to the owner of real property in possession thereof whenever a cloud upon his title is created or an adverse title asserted, we do not think it necessarily follows that such cause of action accrues then once for all, so as to start the statute of limitations from that date. A cloud upon a title must always continue to operate as such during the period of its existence, and, as its effect upon the title is continuing, the cause of action resting on the right of the owner to have it removed would seem to be continuing also, and to be available at all times while the cloud remains. Miner v. Beckman, 50 N. Y., 337. "The cause of action is not the creation of the cloud, but its existence, its effect upon the title of the owner, and his right to have it removed." Schoener v. Lissauer, 107 N. Y., 111, 117. Hence there would seem good ground for holding that lapse of time after the creation of a cloud upon a title will not bar an action by an owner in possession to have it removed. Quinn v. Kellogg, 4 Colo. App., 157, 35 Pac. Rep., 49; American Emigrant Co. v. Fuller, 83 Ia., 599, 50 N. W. Rep., 48; Hendrickson v. Boreing, 32 S. W. Rep. [Ky.], 278; Wagner v. Law, 3 Wash. St., 500, 28 Pac. Rep., 1109. The contrary view has been taken in Indiana (Eve v. Louis, 91 Ind., 457), and perhaps by other courts, but we prefer to follow the rule established in New York, and to hold that where the plaintiff is in possession, he may sue to remove the cloud at any time during its existence.

The contention of defendants that several of the plaintiffs are in no position to maintain this action because

they owned no property in the district at the time the assessment was levied, but subsequently purchased the tracts in respect of which they now sue, is settled adversely by the case of *Lasbury v. McCague*, 56 Nebr., 220. Nor do we see how it matters that several of these purchasers took "subject to incumbrances." Had they taken subject to this particular lien, there would be ground for asserting an estoppel. But "incumbrances" meant valid incumbrances, and the covenants and recitals in their deeds did not preclude them from insisting that the assessment in question had no legal standing as a charge upon the property. An estoppel is also claimed by reason of the fact that a number of the plaintiffs signed the petition for the establishment of the district. This of itself is not enough. Those who signed the petition had a right to presume that the city would act legally. It can not say that it relied on the signatures of plaintiffs to an invalid petition when plaintiffs intended to sign, and had every reason to suppose they were signing, a valid petition, which would not be acted upon unless it received the requisite number of signatures; and had no intention of binding themselves in any other event. They asked the city to proceed lawfully. Such request does not estop them from objecting when the city has proceeded without warrant of law. The same observation may be made with reference to the further pleas of estoppel by reason of acts alleged to have been done by the city in reliance upon the petition and of laches by reason of delay in bringing this action. It might, perhaps, be inferred from *Harmon v. City of Omaha*, 53 Nebr., 164, and authorities there cited, that mere delay would sometimes bar an action of this nature. But the question was squarely presented in *Casey v. County of Burt*, 59 Nebr., 624, and it was held that where the assessment is void there is no duty imposed upon property owners to act promptly; so that in such case delay, of itself, does not constitute laches. In the case at bar no circumstance appears beyond lapse of time. The acts alleged to have been done by the city in reliance upon the petition, namely, the

submission of a proposition for paving the intersections and the issuance of bonds to pay the cost of such paving, were done before the levy of the assessment in controversy, and at a time when irregularities and deficiencies in the petition might still have been remedied. Prior to levy of the assessment, plaintiffs were not in a position to interfere. Nor was the pendency of the work any notice to them that the expense had been or would be unlawfully charged against their property. The city had a right to pave without charging the cost upon abutting owners, and nothing occurred to impose any duty of investigating or objecting upon such owners while the work was in progress. *Hutchinson v. City of Omaha,* 52 Nebr., 345; *Harmon v. City of Omaha,* 53 Nebr., 164, 169. As was said in the latter case, "there must be both the opportunity and the duty to speak." In the case at bar, several of the plaintiffs acquired their titles but a short time before this suit was begun. The others testify that they had no notice or knowledge of the facts as to the petition, and, to quote once more from *Harmon v. City of Omaha,* "they were warranted in assuming, in the absence of actual information that the officers would act and were acting and proceeding legally in all respects as required by statute and to rest their rights on such assumption, and in so doing they were not guilty of laches." Moreover, it appears that the original petition was kept very carelessly and was lost or mislaid for some time; so that, even if the fact that the petition and assessment proceedings were public records could be said to have cast a duty of investigation and inquiry upon the property owners affected, we think the finding of the court below that plaintiffs were not guilty of laches is justified. Counsel has argued with no little force and ability that others have paid their assessments in full and that the statute of limitations will prevent such persons from recovering the amounts so paid. We fully appreciate this and the other unfortunate results which he has urged. But the primary fault is with the city. The special authority conferred upon it to make as-

sessments of this nature involves responsibility and should not be exercised loosely or carelessly. Reasonable pains to investigate the petition and the relation of those who signed to the property purported to be affected would have enabled the city to make a legal assessment by correcting the petition or would have shown clearly to the city authorities that they had no power to proceed. We are not disposed to take this responsibility from the city and put it upon the owners of the abutting property.

There can be no doubt that the assessment was invalid. It is the settled construction of the statutes of this state relating to municipal corporations that the several steps required to be taken in assessing the cost of public improvements against property benefited must be pursued strictly. *Casey v. County of Burt,* 59 Nebr., 624; *Leavitt v. Bell,* 55 Nebr., 57; *Horbach v. City of Omaha,* 54 Nebr., 83; *Von Steen v. City of Beatrice,* 36 Nebr., 421. Several grave defects and omissions in the proceedings leading up to the assessment here in question are charged. But we need not consider them, for the reason that the petition is manifestly insufficient. Property owners whose property will be charged by the establishment of a paving district are entitled to insist that the several petitioners therefor sign in such way as to be fully and legally bound, and no signatures which do not so bind the owners of the property purported to be affected thereby may be counted in passing upon the validity of such a petition. *Von Steen v. City of Beatrice, supra.* The petition in question was signed by the mayor representing abutting property owned by the city; by the administrator of an estate on its behalf without any authority other than such as might arise from his office; by several husbands representing property owned by their wives; by several individual tenants in common on behalf of the whole tracts so held, without authority from or signatures of the other co-owners; and in one case by an owner purporting to bind more property than he held. These several cases fall clearly within the rules announced in *Von Steen v. City of*

*Beatrice,* and without going into detail we may say that careful review of the record shows that the insufficient signatures are more than enough to vitiate the entire petition, and hence the assessment.

While this cause has been under advisement, briefs have been submitted to us by counsel representing other municipalities, asking us to review and overrule *Leavitt v. Bell,* 55 Nebr., 57, and *Von Steen v. Beatrice,* 36 Nebr., 421, and to hold that no petition was necessary. Notwithstanding the full consideration of this question in *Leavitt v. Bell,* we have withheld our opinion for some time in order to examine those briefs and re-examine the questions they present. Having done so, we feel satisfied of the correctness of the former rulings of this court. The whole tendency of recent legislation in this state has been to give those who are to be assessed with the cost of paving a voice in the determination of how, when and where the improvement shall be made. The earlier statutory provisions gave plenary powers in that regard to city councils. But more recently the advisability of reposing such powers in bodies of that character has been doubted. In *Von Steen v. Beatrice* the court held that the several provisions of the section of chapter 12*a,* Compiled Statutes, with respect to paving, were to be construed together, and that, so construed, they required a petition. IRVINE, C., in his dissenting opinion in *Leavitt v. Bell,* concedes that if these provisions are construed as if drawn as an entirety and at one time, such must be the result. The restatement and amendment took the usual unfortunate form of tacking on a new provision without endeavoring to reconcile it to the original section. But the whole was re-enacted as one section, and the latter part, as the last expression of the legislative will, must prevail. We think the course of subsequent legislation has shown that this was the result intended, and that the legislative policy is to leave this matter to the property owners affected. Section 97, article 1, chapter 13, Compiled Statutes, provides that no paving shall be done except on petition of abutting

owners. Section 110, chapter 12a, Compiled Statutes, 1899, provides that no paving shall be done if a majority of the abutting owners protest, and that there shall be no repaving except upon petition therefor. These provisions are later than the one involved in the case at bar, which now stands as section 55, article 3, chapter 13, Compiled Statutes, 1901; but they suggest what the final formulation of that section and the added provision as to a petition were meant to accomplish and indicate the legislative policy of this state.

We therefore recommend that the former rulings of this court be adhered to and that the judgment be affirmed.

SEDGWICK and OLDHAM, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is

AFFIRMED.