GUSTAV DRINGMAN ET AL., APPELLANTS, V. JOHN KEITH, APPELLEE.

FILED APRIL 9, 1910.    No. 15,918.

1. **Limitation of Actions: SETTING ASIDE DEED: DURESS.** The cloud upon a title to real estate created by a recorded deed which was obtained by duress is a continuing one while the plaintiff retains possession of the land, and the right of action for its removal is also continuous in such case. *Batty v. City of Hastings,* 63 Neb. 26.

2. ——: ——. Such an action may be brought at any time within four years after the defendant has taken possession of the land claiming title thereto under such deed.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed.*

*Hoagland & Hoagland,* for appellants.

*Wilcox & Halligan, contra.*

LETTON, J.

This was an action to set aside a deed to certain land in Lincoln county. The plaintiffs, Gustav Dringman and Hattie V. Dringman, are husband and wife. The petition, in substance, alleges that the instrument, although in form a deed, was executed by Gustav Dringman to secure the payment of certain money furnished him by the defendant John Keith upon the day he made final homestead proof upon the land. It further alleges that Mrs. Dringman was not present when the deed was signed by her husband; that the premises were the family homestead; that she refused to sign the same when it was presented to her by an agent of the plaintiff; that a few days afterwards the defendant procured a person to represent to her that he was a United States marshal, and that unless she signed the deed her husband would be arrested and imprisoned by him for fraud in connection

with the final proof; and that, believing this was true, and in order to procure her husband's release, she signed the deed, but did not acknowledge it. The plaintiffs also offer to repay the amount of money received by Dringman, with interest, and ask an accounting as to rents and profits. The answer amounts to a general denial of duress in procuring the deed, a plea of special payment of $25 to Hattie V. Dringman as a further consideration to induce her to sign the deed, and pleas of ratification and of the statute of limitations. The allegations of new matter are denied by the reply.

The findings of the district court are as follows: "The court being fully advised in the premises, on the issues joined, finds for the defendant John Keith, and against the plaintiffs, Gustav Dringman and Hattie V. Dringman. The court further finds that the cause of action set forth in plaintiff's petition for fraud and duress is barred by the statute of limitations of this state." We set forth the findings in full for the reason that the plaintiffs strenuously maintain that there is no general finding for the defendant, and that the sole finding of the court is that the action is barred by the statute of limitations. We do not so understand the findings. Strictly speaking, two causes of action are joined in the petition; one by the husband to redeem from the lien created by the deed which he alleges is in fact a mortgage, the other by the wife to set aside a conveyance which she alleges was signed by her under duress, and which was never acknowledged, which facts, if true, render the whole instrument void as regards the homestead. We take the findings to mean that, on the issue as to whether the instrument was a deed or a mortgage, the court finds for the defendant that it was a deed, and as to the issue of duress finds that the wife's cause of action is barred by the statute.

Upon a consideration of the evidence, we are satisfied that the husband intended to sell the land at the time he executed the conveyance, and that the instrument as to him is a deed. Upon the question as to whether the wife

acknowledged the deed, we think the evidence preponderates in favor of the defendant. But upon the question of whether her signature was procured by fraud and duress, we are not so clear. There is no testimony in the record to contradict that of the Dringmans upon this point, and that there are several circumstances which tend to corroborate it. There is no dispute but that after her husband had been arrested and was in charge of the deputy United States marshal under a charge preferred by the defendant for fraud in making his final proof, the officer accompanied or took Dringman to his home upon the land. The plaintiff and his wife both testify that while there the officer intimated to her that, unless she signed the deed, her husband would be detained in custody and prosecuted for this offense. It is also shown that the notary, who testifies he took her acknowledgment, took pains to insert in the acknowledgment that she acknowledged the instrument "to be her voluntary act and deed *without coercion* for the purpose therein expressed." It is true that he explains this by saying that he inserted this language because she had refused to acknowledge the deed a few days before when he had gone to her home at defendant's request for the purpose of obtaining her acknowledgment.

The deputy marshal was not called as a witness, nor was his evidence taken by deposition, although the record seems to indicate that he is a resident of this state. The defendant's account of the transaction is that after Dringman had been arrested and brought to Sutherland, which was the nearest town to the farm, Mr. Walling, the deputy marshal, told him that Dringman had requested to be allowed to go and talk with his wife; that the next day, when the marshal came to North Platte without Dringman, he asked him what this meant, and the marshal told him that Mrs. Dringman was a hardworking woman with two little children, dependent upon her husband for support; that she was going up to sign the deed, but thought she ought to have a little money

out of it herself; that "he (the marshal) says: You go and pay her $25 and let her sign the deed, and we will drop this. He says: I will tell you what I will do. I will let them have my actual expenses, and you give me $5, and we will drop this." That he gave him the $5, and went to Sutherland and left the $25 in the bank for Mrs. Dringman. He further testifies that he had no knowledge, either from Dringman or the marshal, that they were going to Mrs. Dringman's home for the purpose of getting her to sign this deed.

The Dringmans remained upon the land for nearly four years after this transaction, Dringman working for the defendant once or twice for several weeks at a time during this period, but defendant finally told them to move off, which they did without resistance.

The view we take as to the testimony of the Dringmans upon other matters in evidence makes us reluctant to set aside the deed upon their testimony alone, and we are of opinion that both parties should have an opportunity to produce such further evidence as may be accessible. The absence of the deputy marshal is a circumstance which may be counted as in their favor. We think the preponderance of the evidence upon this point as it now stands is with the plaintiffs.

It is earnestly contended that the district court was right in holding that the right of action is barred. Plaintiffs contend that the action is one to redeem from a mortgage, and that the ten-year period applies; but the trial court found that the deed was not a mortgage, and, since we agree with this conclusion, that question is not in the case. It may be noted that it is not upon this ground, but upon the ground of fraud and duress, it is found the action is barred. The court evidently was of the opinion that the action to set aside the deed for alleged duress in obtaining the wife's signature, and because it was not acknowledged by her, was an action brought for relief on the ground of fraud, under section 12 of the code, and therefore must be brought within

four years. We think a better classification would be to regard it as an action for an injury to the rights of the plaintiff not arising on contract, which under section 12 of the code may be brought at any time within four years from its accrual; or, perhaps, as one to recover the title or possession of real estate under section 6. Whether it comes within the latter class, we leave undetermined. The decisions in this state are not harmonious as to whether the four-year or the ten-year statute applies in like cases, and a lengthy investigation of the decisions in other states shows that on this point they are irreconcilable.

The action is, in respect to the deed alleged to have been obtained by duress, one to remove a cloud from the title to the property and to quiet the title in the plaintiffs. The rule is "that a statute of limitations should not be applied to cases not clearly within its provisions." 25 Cyc. 990, and cases cited. The act complained of was not, strictly speaking, fraudulent, but it was an injury to the plaintiffs' property rights which did not arise upon contract. The Dringmans remained in possession of the land until driven off by the defendant in May, 1903, when he took possession, and has held it ever since. This action was begun in April, 1907. They might have brought an action to remove the cloud and quiet their title at any time while in possession, because the cloud occasioned by the recording of the deed was a continuing one. *Batty v. City of Hastings,* 63 Neb. 26; *Payne v. Anderson,* 80 Neb. 216. In *Batty v. City of Hastings, supra,* it is said: "Where a plaintiff out of possession brings the statutory action to quiet title, it is undoubtedly true that the statute begins to run from the time when defendant's possession became adverse. * * * A cloud upon a title must always continue to operate as such during the period of its existence, and, as its effect upon the title is continuing, the cause of action resting on the right of the owner to have it removed would seem to be continuing also, and to be available at all times while the cloud re-

mains." A cause of action to set aside the deed accrued as soon as the plaintiffs were dispossessed. This action was brought within four years from the time the defendant took possession of the land and is within the statute, whether we apply the four-year limitation or the ten-year limitation on actions to recover the title or possession of real property.

We think the learned district judge erred in applying a four-year limitation from the time the deed was made or recorded. It may be possible for the defendant to furnish additional evidence with respect to the conversations had by the deputy marshal with Mrs. Dringman when she testifies that she was unduly influenced and coerced. For this reason, the case will be reversed and remanded for further proceedings, instead of rendering a decree upon the facts in evidence.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

REESE, C. J., and SEDGWICK, J. We think decree should be entered for plaintiffs in this court.