J. S. BAILEY ET AL. v. W. R. HOPKINS ET AL.

(Filed 30 May, 1910.)

1. **Reference—Findings by Judge—Conclusiveness.**

   The findings of fact by the trial judge upon the report of a referee under The Code, are conclusive on appeal when supported by any evidence.

2. **Deeds and Conveyances—Descriptions—Meanderings of Stream— Straight Line.**

   The description in a grant of land being that it began at a certain point "at the State line near the mouth of Slick Rock Creek, and runs south 25 E. with said line 220 poles to a stake in said line," the ruling of the judge upon the referee's report that the line followed the meanders of the creek (the State line) and thus stops at a measurement of 220 poles, and not by measuring a straight line, was correct.

3. **Reference—Modifications—Judgment—Corrections.**

When a correction of a boundary line to lands in dispute is made by the judge in passing upon a referee's report, which slightly modifies two or three other lines as found by the referee, which corrections the judgment of the court did not embrace, the final judgment entered must be made to conform to these modifications.

4. **Judgments—Collateral Attack—Fraud—Motion in Cause—Unreasonable Delay—Estoppel of Record.**

A deed to lands made in partition proceedings in pursuance of a decree therein, subsequently confirmed, cannot be attacked by strangers in another and independent action involving title, upon the allegation that the affidavit for the publication of the summons therein was defective, wherein there is no averment of fraud. The procedure is by motion in the cause, which should be made in a reasonable time (after twenty years held to be too late), and here the motion is precluded by the recital appearing of record that "service had been made by publication."

5. **Parties—Conditions—Further Relief—Appeal and Error.**

When parties are permitted by the trial court to file answer upon the recited condition that they be alone permitted to defend title to land as against the plaintiff, but should not raise an issue thereto as between themselves and their codefendants concerning which there is prior action pending in the Federal courts, a judgment in their favor against their codefendants is error.

6. **Limitations of Actions—Cloud on Title—Assertion of Ownership —Interpretation of Statutes.**

The ten-year statute of limitations as to the time of bringing an action to remove a cloud upon title to lands is not a bar to the action when the party has claimed title within that period.

APPEAL from *Peebles, J.,* at Fall Term, 1909, of GRAHAM.

.This is a civil action to remove cloud from and quiet title to certain lands in Graham County to which both plaintiffs and defendants claim title by virtue of different grants from the State. From the judgment rendered both parties appealed. `

The facts are stated in the opinion of the Court.

*Adams & Adams, J. H. Merrimon* and *Avery & Avery* for plaintiffs.

*Davidson, Bourne & Parker, F. A. Sondley* and *Dillard & Bell* for defendants.

CLARK, C. J.   This is a contest over some timber lands, lying on Cheoah and Tennessee rivers in Graham County. The plaintiffs' chief claim is under an entry numbered 920 and the defendants' under entry number 1035. These entries were of

"Cherokee" lands, and were both made 1 June, 1853, the first day these lands were opened to entry. Entry 1035 embraced a large scope of country and specified that eight other entries already made were excepted. After excepting entry 920 and other entries, as found by the referee, the acreage left to the defendants, claiming under 1035, comes up to that specified therein.

The cause was referred to W. D. Turner, Esq., under The Code. He made a very full and careful report. Both sides filed numerous exceptions to the findings of fact and conclusions of law. His Honor overruled all the exceptions of the defendants, and sustained on plaintiffs' part one exception of fact and one of law, which action the defendants added to their exceptions on appeal to this Court.

Both sides filed exceptions to his Honor's judgment. The judge's findings of fact are conclusive, except when there is no evidence to sustain it, which we do not find to be the case here, and would not likely be the case, when the parties have been represented by so many able counsel and the cause has been twice argued fully and elaborated before the very careful and able and experienced gentlemen who were the referee, and the judge who reviewed his findings, in this case. This eliminates the bulk of the exceptions, for many of the exceptions to the conclusions of law are based upon the hypothesis of erroneous finding of facts or failure to find facts. *Thornton v. McNeely,* 144 N. C., 622; *Frey v. Lumber Co., ib.,* 759; *Henderson v. McLain,* 146 N. C., 329.

The record is very voluminous, some 800 printed pages, but after careful consideration of the many exceptions, on both sides, and with the aid of the oral argument and very full briefs, we do not think that the judgment below should be disturbed, on either appeal.

The referee found that entry 920 lay within the limits of the outer boundaries of 1035, and that the plaintiffs and those under whom they claim had been in possession thereof under color of title for more than seven years, holding adversely. He also found that the defendants had been in possession of that part of No. 1035 included in the boundaries found by him as its true boundaries, excluding the lands above held to be excepted from the limits of 1035, for more than seven years under color of title, holding adversely. He laid down on the map sent up the boundaries of both tracts as he found them to be, and the dividing line between 920 and 1035. The referee also made findings of fact and of law as to other tracts—1726, 1727 and 1969, as to which he was confirmed by the judge, and in which we find no error.

Upon the plaintiffs' exceptions, his Honor found that the first line called for should "follow the meanders of Slick Rock Creek (the State line) and stop at the end of 220 poles, and not by measuring a straight line." The language of the call was, "Beginning at a stake and three chestnuts on the bank of Tennessee River, at the State line near the mouth of Slick Rock Creek, and runs south 25 E. with said line 220 poles to a stake in said line." The evidence was that Slick Rock Creek is the State line. We concur with the judge. This was a boundary of another tract (Grant 611) and was only material as locating the beginning corner of No. 920. The correction thus made somewhat modifies, though not greatly, two or three lines of 920 as found by the referee. The plaintiffs contend that the judgment of the court did not embrace this modification. Of course, the final judgment entered below must conform to this change of boundary to accord with the findings of the judge.

The plaintiffs excepted to the finding of the referee, that he held that the judgment in the partition proceeding in *Bartlett v. Peet* (under the decree of sale and confirmation in which, and administrator's deed in 1882, the defendants claim) could not be collaterally attacked in this case, upon allegation that the affidavit for publication for the defendants therein (the heirs of W. H. Peet, who were nonresidents) was defective. His Honor, reversing the referee on this point, held that the proceeding was void. The point was elaborately discussed on appeal.

We think the court erred in overruling the referee, whose ruling upon this point we reinstate. This action was not brought to vacate the proceedings in *Bartlett v. Peet,* and the pleadings do not contain any averment of irregularity or invalidity, nor any reference in regard thereto. In fact, an attack upon it could only be made (unless for fraud, which is not alleged) by a motion in the cause, and not by an independent action, much less collaterally and incidentally in this action. *Rackley v. Roberts,* 147 N. C., 201; *Hargrove v. Wilson,* 148 N. C., 439. Besides, such proceedings, if taken in the proper mode, would be too late. The petition in *Bartlett v. Peet* was begun 30 March, 1871, the decree of sale was made 5 June, 1871, and the sale made was confirmed 9 July, 1881; deed to the purchaser was made in December, 1881, and registered 11 February, 1882. Nearly a quarter of a century elapsed before this action was begun. It has been often held that an attack is not brought within a reasonable time after the lapse of twenty years. *England v. Garner,* 90 N. C., 197; *Yarborough*

*v. Moore,* 151 N. C., 116. There are no merits, for the order of sale was based upon a valid judgment against the deceased. Even if the attack had been made by a proper party, in a reasonable time, and merits had been shown, the record here recites that "service had been had by publication." *Smathers v. Sprouse,* 144 N. C., 637; *Harrison v. Hargrove,* 120 N. C., 96. Nor could the plaintiffs in this action take steps to impeach a proceeding to which they are strangers.

There is further error in the ruling of the judge as to said tract 1969 in that he held that the Gilberts held an undivided one-half interest therein. The Gilbert heirs had been permitted at Fall Term, 1907, to file an answer, by order of *Judge Cooke,* on the condition recited therein that they should only defend the title as against the plaintiffs, but should not raise an issue as between themselves and their codefendants, as to which litigation was already pending when this action was begun, and is still pending in the United States Circuit Court, and this Court leaves that point undecided.

As to the plea of the ten-year statute of limitations to an action to remove cloud upon title (Laws 1893, ch. 6), if the defendants had not again claimed title within ten years the bar would be good. As they have, the statute does not apply, and it is immaterial that they also made such claim before the ten years. A landowner cannot be expected to bring action against every man who, while not in possession, shall declare he claims an interest in the property, under penalty to the owner after the lapse of ten years of being barred of action for a later assertion of title.

We have not failed to consider any of the numerous questions which have all been so earnestly pressed upon us. But most of them are eliminated by the findings of fact, and we do not consider it necessary to discuss others.

The appellants in each case will pay their own costs.

In plaintiffs' appeal, affirmed.

In defendants' appeal, modified and affirmed.