GUSTAV DRINGMAN ET AL., APPELLEES, V. JOHN KEITH, APPELLANT.

FILED FEBRUARY 11, 1913. No. 17,016.

1. *Former Decision Followed.* Our former opinion in this case, reported in 86 Neb. 476, as to the questions of law involved, adhered to.

2. Adverse Possession: EVIDENCE. Evidence examined, and *held* clearly sufficient to sustain the judgment of the district court.

3. ———: CHARACTER OF POSSESSION. The possession of defendant set out in the opinion *held* not adverse.

APPEAL from the district court for Cheyenne county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Wilcox & Halligan,* for appellant.

*Hoagland & Hoagland, contra.*

FAWCETT, J.

This is a second appeal. A very complete statement of the case will be found in our former opinion, reported in 86 Neb. 476. The case was again tried in the district court, and from a judgment in favor of plaintiffs defendant appeals.

The questions of law involved are settled by our former

opinion. Some of the members of this court, at the former hearing, thought that judgment should then be directed in favor of plaintiffs, but a majority thought, as stated by LETTON, J., in the opinion, that possibly all of the evidence available by the parties had not been introduced; and, while we all thought there was a slight preponderance of evidence in favor of the plaintiffs, the preponderance was so slight as to cause the court to hesitate to set aside the deed upon which defendant relies. The case was therefore remanded for further proceedings upon the ground, as stated: "It may be possible for the defendant to furnish additional evidence with respect to the conversations had by the deputy marshal with Mrs. Dringman when she testifies that she was unduly influenced and coerced. For this reason, the case will be reversed and remanded for further proceedings, instead of rendering a decree upon the facts in evidence." When the case was retried, the deposition of the deputy marshal was taken, and is in the record before us. This deposition removes all doubt from our minds, and leaves us all agreed that upon the evidence now before us the execution of the deed in controversy by Mrs. Dringman was obtained under duress.

It is urged by defendant that on the retrial of the case he introduced the testimony of himself and two witnesses to show that he was in possession of the land from the time the deed was given in 1899, and that, although the plaintiffs were both in court and testified on the trial, the testimony of defendant and his two witnesses was not controverted by them. In other words, the contention is that defendant, under the deed in controversy, took possession of all of the land except a few acres upon which the house and a small corral were located, "not to exceed an acre or two," and that, such being the fact, the four years' statute of limitations had run against the plaintiffs. An examination of the testimony of defendant and his two witnesses shows, very clearly we think, that defendant never took possession of any portion of the land under the deed. The evidence shows that for many years prior to 1899 the

land, of which defendant now claims he took possession under the deed, was inclosed in a large pasture of some 700 or 800 acres, belonging to defendant, and that the possession he has had and the use he has made of the land in controversy since, is not different from but precisely the same as for a number of years prior to the execution of the deed. That the former possession was not adverse to, but by permission of, the plaintiffs is not disputed; and, if the possession and use continued the same after as before the execution of the deed, we think it should be held that, so long as the plaintiffs continued to occupy the dwelling-house and corral, the use of the grazing land, which constituted a part of their homestead, was still by their permission, and not adverse.

AFFIRMED.