# CASES

## ARGUED AND DETERMINED
IN THE
# SUPREME COURT OF TENNESSEE
FOR THE
## MIDDLE DIVISION

### NASHVILLE, DECEMBER TERM, 1915.

STEARNS COAL & LUMBER CO. *v.* JESSE PATTON.

(*Nashville.* December Term, 1915.)

1. **QUIETING TITLE.** Bill. Possession.

In Tennessee, possession is not necessary to maintain a bill to remove a cloud on title. (*Post, p.* 563.)

Cases cited and approved: Sage v. Railway Co., 58 Fed., 297; Almony v. Hicks, 40 Tenn., 39.

2. **CANCELLATION OF INSTRUMENTS.** Power of equity.

Equity has the power to cancel a void instrument, whether its character as such appears from the face of the instrument or otherwise. (*Post, p.* 564.)

Cases cited and approved: Jones v. Perry, 18 Tenn., 59; Jones v. Nixon, 102 Tenn., 95; Porter v. Jones, 46 Tenn., 318.

Case cited and distinguished: Almony v. Hicks, 40 Tenn., 41.

3. **JUDGMENT.** Expiration of term. Finality.

On a bill to clear up title, a decree for a party defendant, finding him to be the owner in fee of part of the land involved, after the term at which it was entered became final, and the court could not thereafter vacate or modify its decree without notice, and such proceedings as would give it jurisdiction anew. (*Post, pp.* 564-566.)

134 Tenn.]  (556)

Coal & Lumber Co. v. Patton.

Cases cited and approved: Central Trust Co. v. Grant Locomotive Works, 133 U. S. 207; Prater v. Hoover, 41 Tenn., 544; Allen v. Barksdale, 38 Tenn., 238.

4. LIMITATION OF ACTIONS. Removing cloud from title. Possession.

The statute of limitations has no application to an action to remove a cloud from title where the owner is in possession or is not out of possession. (*Post, pp.* 566-570.)

Cases cited and approved: Cooper v. Rhea, 82 Kan., 109; Miner v. Beekman, 50 N. Y., 337; Mutual Life Ins. Co. v. Corey, 54 Hun, 493; Shoener v. Lissauer, 107 N. Y. 111; Meiser v. Kelly, 22 Or., 136; Katz v. Obenchain, 48 Or., 352; Bailey v. Hopkins, 152 N. C., 748; Quinn v. Kellogg, 4 Colo. App., 157; Peck v. Sexton, 41 Iowa, 566; Combs v. Combs, 99 S. W., 919; Cameron v. Lewis, 59 Miss., 134; Kennedy v. Sanders, 90 Miss., 524; Am. Emigrant Co. v. Fuller, 83 Iowa, 599; Smith v. Matthews, 81 Cal., 120; Haarstick v. Gabriel, 200 Mo., 237; Miner v. Beekman, 50 N. Y., 337; Schoener v. Lissauer, 107 N. Y., 111; Moore v. Miller (C. C.), 43 Fed., 347; Smith v. Lee, 41 Tenn., 551; Snoddy v. Kreutch, 40 Tenn., 301; Lewis v. Brooks, 14 Tenn., 167; Kirtland v. Railroad Co., 72 Tenn., 414; Caldwell v. Palmer, 74 Tenn., 652; Alsobrook v. Orr, 130 Tenn., 120.

Cases cited and distinguished: Batty v. Hastings, 63 Neb., 26; Anderson v. Akard, 83 Tenn., 182; Hughes v. Brown, 88 Tenn., 578.

5. LIMITATION OF ACTIONS. Removal of cloud on title.

The seven year statute of limitations, applying where there is an adverse holding of real estate, did not apply in an action to remove a cloud on title affecting the marketability of the land or under which an adverse possession might be attempted, thus endangering the rights of the complainant. (*Post, pp.* 570-573.)

Cases cited and approved: Palmer v. Mizner, 2 Neb., 899; Hodges v. Wheeler, 126 Ga., 848; Penrose v. Doherty, 70 Ark., 256; Sage v. Railroad Co., 58 Fed. 297;

Case cited and distinguished: Costello v. Muheim, 9 Ariz., 422.

Coal & Lumber Co. v. Patton.

6. **QUIETING TITLE. Defenses. Laches. "Out of possession."**

Laches is not available as a defense to an action to remove a cloud on title, except where the plaintiff is out of possession, and "out of possession" does not mean a mere failure of the owner to be in actual possession of wild or unoccupied lands. (*Post, pp.* 573, 574.)

7. **PROPERTY. "Constructive possession."**

The true owner, in legal contemplation, is in constructive possession of his unoccupied land if no one else is holding adversely, and he does not have to maintain actual possession to assert his rights. (*Post, p.* 574.)

8. **ESTOPPEL. Disadvantage.**

In an action to remove a cloud from title to real estate, defendant, purchasing before the decree alleged to be a cloud was entered and not on the faith of the decree, could not set up estoppel, as he must have been put in a worse attitude or some advantage must have been gained by a delay before estoppel could arise. (*Post, pp.* 574, 575.)

9. **QUIETING TITLE. Pleading. Title.**

The statement by complainant in an action to set aside a cloud on its title to realty of its vendor's actual, open, notorious, and adverse possession for twenty-two years under a registered deed, showing substantial inclosures and actual occupation of the land and a conveyance to it, sufficiently averred its title. (*Post, p.* 575.)

10. **ABATEMENT AND REVIVAL. Pendency of another suit.**

A bill to set aside a decree in a former case as a cloud on complainant's title to real estate would not be abated by the pendency of a suit filed by the defendant against complainant in an attempt to deraign title to the land claimed by defendant under the same decree, as complainant's right to cancel the decree as a cloud was not involved in the other suit. (*Post, pp.* 575, 576.)

FROM FENTRESS.

Appeal from the Chancery Court of Fentress County to the Court of Civil Appeals, and by *certiorari* to

Coal & Lumber Co. v. Patton.

the Court of Civil Appeals from the Supreme Court.
—A. H. ROBERTS, Chancellor.

L. T. SMITH, S. M. TURNER and J. N. SHARP, for complainant.

CONATSER & CASE and E. C. KNIGHT, for defendant.

MR. JUSTICE FANCHER delivered the opinion of the Court.

A decree in a former case at Jamestown is sought to be set aside as a cloud on complainant's title to real estate. The former case was *Malissa Williams et al. v. S. H. Pile, Tillman Crabtree, et al.*, and it is alleged to have been a suit to remove cloud on title and to sell for partition a tract of 123,889 acres of land covered by a grant issued by the State of Kentucky to F. P. Stone *et al.* on the 6th day of October, 1848. The bill was against very many defendants.

Defendant, Patton, in the present case, claims under a conveyance from Tillman Crabtree, dated the 17th of August, 1885, and recorded July, 1898.

This seventy-five acres lies within the boundary of the Washington Young tract of 10,000 acres claimed by complainant herein under a deed from S. H. Pile. The latter as defendant in the case of *Malissa Williams v. Pile* answered therein and set up by answer his claim of title to this 10,000 acres. After issue was made this title was referred to the clerk and master for report as to ownership. The clerk and master heard proof and reported that this 10,000 acres had

been held by S. H. Pile under a deed from John W. Frogge, tax collector, executed October 4, 1875, and registered October 21, 1875, and that two possessions were held and maintained by said Pile on the land for twenty-two years by his tenants, showing the nature and extent of the possessions, from which it appears that these possessions were sufficient to perfect title in S. H. Pile under his tax deed. This report was confirmed by the court.

Complainant, Stearns Coal & Lumber Company, avers these facts, and, further, that at the time defendant took his deed in 1885 from William Crabtree, the latter was holding as tenant of S. H. Pile on the Washington Young tract of land. Complainant avers its title, not in general form, but by stating the color of title of S. H. Pile, the facts as to his twenty-two years' open, notorious, and adverse possession and a chain of conveyances from Pile on down to complainant, its deed having been executed August 17, 1910.

It is averred that defendant, Patton, also relies on a decree in the case of *Williams* v. *Pile et al.*, and the deed of the clerk and master made thereunder to Crabtree.

The bill further shows that Tillman Crabtree answered in the Malissa Williams case and claimed to own the seventy-five acres now sued for. It was found on report of the clerk and master that Crabtree was not the owner of the seventy-five acres, and the same was sold for partition among the owners of the 123,

Coal & Lumber Co. v. Patton.

889-acre tract in 1899, when Tillman Crabtreet purchased and the court undertook to vest title to the seventy-five acres in him.

Thus the bill in the present suit presents the anomalous situation of a finding by the court in favor of S. H. Pile that he was the owner of the Young 10,000 acres of land, but six months thereafter by another decree the court undertook to vest title to this seventy-five acres, which is part and parcel of the 10,000 acres in Tillman Crabtree.

Complainant takes the position that the decree confirming the report of the clerk and master that the Young tract of land was owned by S. H. Pile, effectively put the issue as between Pile and the complainants at rest and beyond the jurisdiction of the court, both as to the subject-matter and the parties; and that the decree afterward divesting title out of all parties as to the seventy-five acres and vesting it in Tillman Crabtree is *coram non judice* and void as to S. H. Pile. It is this decree, the chain of title, and claim of defendant under it, which is sought to be removed as a cloud.

The chancellor dismissed the bill on demurrer, and his decree was affirmed by the court of civil appeals. The demurrer in substance was:

(1) Want of equity on the face of the bill, and that it is a bill to amend the decree in the Malissa Williams case, attacking the decree on the ground of fraud, accident, or mistake, and that the right of action is barred.

134 Tenn. 36

(2)    Want of necessary parties.    That no one who was a party to that case is a party here.

(3)    Suit to set aside decree barred by three and seven years' statute of limitations.

(4)    That the bill shows there is another suit pending in Pickett county of *Jesse Patton* v. *Stearns Lumber Company,* in which the questions here made are at issue.

(5)    Complainant accepted deed from S. H. Pile, knowing of the decree and is estopped.

(6)    Complainant has no title because it bought from Pile, who had no title.

(7)    Bill does not allege fraud, accident, or mistake.

The chancellor sustained the demurrer for the reason, stated in the decree, that the bill as a bill of review was not filed within the time required by the statute; and as a bill to impeach the decree for fraud, accident, or mistake, it is too general and does not explain the delay of sixteen years in filing.    Also, because the bill is framed upon the idea that the decree complained of is void, and that its invalidity can be relied upon in any proceeding and attacked collaterally.

The court of civil appeals sustained the first, third, and seventh grounds of demurrer.

The opinion of the court of civil appeals proceeds upon the ground that the suit is barred by the statute of limitations, and that complainant will be repelled because of laches if it be considered a bill to annul a decree for fraud, accident, or mistake; that there is no distinct averment of title, holding neither laches

nor the statute of limitations will bar a party in possession but not so if he is out of possession—citing *Sage* v. *Railway Co.,* 58 Fed., 297, 7 C. C. A., 240.

In this State possession is not necessary to maintain a bill to remove cloud. *Almony* v. *Hicks,* 3 Head., 39.

Pomeroy holds that while the rule by the weight of authority is that where the instrument or proceeding constituting the alleged cloud is absolutely void on its face, so that no extrinsic evidence is necessary to show its invalidity, and where the instrument or proceeding is not thus void on its face, but the party claiming under it, in order to enforce it must necessarily offer evidence which will inevitably show its invalidity and destroy its efficacy, in each of these cases, the court will not exercise its jurisdiction either to restrain or to remove a cloud, for the assumed reason that there is no cloud; yet the author observes that the doctrine often operates to produce a denial of justice—of judges deciding that the court cannot interfere, because the deed or other instrument is void, while from a business point of view every intelligent person knows that the instrument is a serious injury to the plaintiff's title, greatly depreciating its market value, and the judge himself who repeats the rule would neither buy the property while thus affected nor loan a dollar upon its security. "This doctrine," says the writer, "is, in truth based upon mere verbal logic, rather than upon consideration of justice and expediency." Pomeroy, section 1399.

Our court has adopted the more reasonable rule suggested by Mr. Pomeroy, and it is settled in this State that equity has the power to cancel a void instrument whether its character as such, appears from the face of the instrument or otherwise. *Jones* v. *Perry,* 10 Yerg., 59, 30 Am. Dec., 430; *Jones* v. *Nixon,* 18 Pickle, 95, 50 S. W., 740; *Porter* v. *Jones,* 6 Cold., 318; *Almony* v. *Hicks,* 3 Head, 41.

Judge Wright, in *Almony* v. *Hicks,* says:

"A bill to remove a cloud is a head of equity by itself. It will lie, although the defendants are in possession, and complainants have the legal title, and might sue at law for the recovery of the property, that not being esteemed adequate relief. . . . A simple statement that the instrument is void, or voidable, with the proper prayer, is sufficient."

It fairly appears from the averments in this bill that complainant is the owner in fee of the land; that a decree was rendered in a former proceeding selling a part of a tract of land which, six months before, at a former term, the same court, in the same case, had decreed was the property of complainant's vendor, a defendant to that case.

Was the decree vesting and divesting title void as to defendant S. H. Pile so that no direct attack is necessary? If so, the present bill may be treated purely as a bill to remove cloud.

S. H. Pile was the owner of the seventy-five acres, according to the bill in the present case, and it was so determined in the former case. The Malissa Williams

case was, first, to clear up title, and second, to sell for partition. S. H. Pile was before the court on that phase of the case, the purpose of which was to clear up title. He was not interested in the sale sought by complainant, for purposes of division; and we may assume that complainant did not in the pleadings seek to sell land which should be adjudged to be owned by the defendants, in which complainant had no interest. After final decree had been rendered so far as the case applied to him, confirming the report of the clerk and master finding he was the owner in fee of the 10,000 acres of land, the court, without correcting the decree on the report, six months afterward, ordered seventy-five acres of the land sold, and vested title in the purchaser, divesting title out of all the parties to the suit but without naming S. H. Pile.

The term of court had closed at which decree was entered in favor of S. H. Pile. When the decree was entered in his favor, there was nothing left under the issues for the court to further adjudicate as to him. When the term closed the decree became final. The court had then exhausted its jurisdiction as to Pile and could neither vacate nor modify its decree afterward without notice, and such proceedings as would give it jurisdiction anew. Works on Courts and their Jurisdiction, 674; *Central Trust Co.* v. *Grant Locomotive Works,* 135 U. S., 207, 10 Sup. Ct., 736, 34 L. Ed., 97; *Prater* v. *Hoover,* 1 Cold., 544; *Allen* v. *Barksdale,* 1 Head, 238.

It was therefore not only in the face of the former decree recognizing S. H. Pile as the owner and antagonistic to that decree without correcting it, but was rendered after the case had terminated so far as S. H. Pile was concerned, and therefore void as to him.

The following authorities hold that the statute of limitations has no application to an action to remove cloud from title where the owner is in possession, or as in some, where the owner is not out of possession: *Cooper* v. *Rhea,* 82 Kan., 109, 107 Pac., 799, 29 L. R. A. (N. S.), 930, 136 Am. St. Rep., 100, 20 Ann. Cas., 42; *Miner* v. *Beekman,* 50 N. Y., 337; *Batty* v. *Hastings,* 63 Neb., 26, 88 N. W., 139; *Mutual Life Ins. Co.* v. *Corey,* 54 Hun, 493, 7 N. Y. Supp., 939, reversed on other grounds in 135 N. Y., 326, 31 N. E., 1095; *Schoener* v. *Lissauer,* 107 N. Y., 111, 13 N. E., 741; *Meier* v. *Kelly,* 22 Or., 136, 29 Pac., 265; *Katz* v. *Obenchain,* 48 Or., 352, 85 Pac., 617, 120 Am. St. Rep., 821; *Bailey* v. *Hopkins,* 152 N. C., 748, 67 S. E., 569; *Quinn* v. *Kellogg,* 4 Colo. App., 157, 35 Pac., 49; *Peck* v. *Sexton,* 41 Iowa, 566; *Combs* v. *Combs,* 99 S. W., 919, 30 Ky. Law Rep., 873; *Cameron* v. *Lewis,* 59 Miss., 134; *Kennedy* v. *Sanders,* 90 Miss., 524, 43 South., 913; *Am. Emigrant Co.* v. *Fuller,* 83 Iowa, 599, 50 N. W., 48; *Smith* v. *Matthews,* 81 Cal., 120, 22 Pac., 409. See note in 29 L. R. A. (N. S.), 930.

In *Haarstick* v. *Gabriel,* 200 Mo., 237, 98 S. W., 760, it was said that since a suit to determine and quiet title to land falls under the head of real actions, the limitations applicable thereto govern, and the suit is not

governed by the statute of limitations which relates to personal actions.

In *Bailey* v. *Hopkins,* 152 N. C., 748, 67 S. E., 569, it was said that a landowner cannot be expected to bring action against every man who, while not in possession, shall declare he claims an interest in the property, under penalty to the owner after the lapse of ten years of being barred of action for a later assertion of title.

In *Cameron* v. *Lewis,* 59 Miss., 134, *Kennedy* v. *Sanders,* 90 Miss., 524, 43 South., 913, *American Emigrant Co.* v. *Fuller,* 83 Iowa, 599, 50 N. W., 48, and *Combs* v. *Combs,* 99 S. W., 919, 30 Ky. Law Rep., 873, the law is properly stated that if the plaintiff or the one through whom he holds has never been out of possession, the statute of limitations has no application.

We quote the following from *Batty* v. *Hastings,* 63 Neb., 26, 88 N. W., 139:

"Where a plaintiff out of possession brings the statutory action to quiet title, it is undoubtedly true that the statute begins to run from the time when defendant's possession became adverse. But, while a cause of action clearly accrues to the owner of real property in possession thereof whenever a cloud upon his title is created or an adverse title asserted, we do not think it necessarily follows that such cause of action accrues then once for all, so as to start the statute of limitations from that date. A cloud upon a title must always continue to operate as such during the period of its existence, and, as its effect upon the title is continuing,

the cause of action resting on the right of the owner to have it removed would seem to be continuing also, and to be available at all times while the cloud remains. *Miner* v. *Beekman,* 50 N. Y., 337. 'The cause of action is not the creation of the cloud, but its existence, its effect upon the title of the owner, and his right to have it removed.' *Schoener* v. *Lissauer,* 107 N. Y., 111, 117, 13 N. E., 741. Hence there would seem good ground for holding that lapse of time after the creation of a cloud upon a title will not bar an action by an owner in possession to have it removed.''

The court when making the foregoing observations was considering a statute of limitation of four years for commencing actions not otherwise provided for.

The statute of limitation begins to run against a suit to quiet title from the time defendant takes possession of the land. *Moore* v. *Miller* (C. C.), 43 Fed. 347.

The statute of limitation does not apply as respects the acquisition of title to property to any one not in possession. A mere claim, for whatever time, unaccompanied by actual possession, can give no right under the statute. 25 Cyc., 1012; 1 Cyc., 982, note 11 *et seq.*; *Smith* v. *Lee,* 1 Cold., 551; *Snoddy* v. *Kreutch,* 3 Head, 301.

In the case of *Anderson* v. *Akard,* 15 Lea (83 Tenn.), 182, Judge Cooper delivered the opinion. That was a bill in equity to set up a lost deed and to enjoin the heirs of the alleged grantor from prosecuting a suit for the recovery of the land. The statute of limitations was a defense. The argument was that the right of

action accrued at the time the deed was lost. The court said:

"The suit is not for the recovery of land, or the enforcement of a debt, contract, or liability of the ancestor. It is simply the assertion of an equitable remedy which the party is entitled to resort to at any time when the exigency may arise."

The court further said:

"Their right to set up their lost deed is one of those continuing equities, they being in legal possession, and holding against any adverse claim, of which we have several cases in our books, where the statutes of limitations have no application. 'Neither the statutes of limitations,' this court has said, 'nor lapse of time have any application to a bill in chancery, in which the complainant is not seeking to recover anything, but only resisting the demand of the defendants which they have been constantly opposing.' *Lewis* v. *Brooks*, 6 Yer., 167; *Kirtland* v. *Railroad Co.*, 4 Lea, 414, 418; *Caldwell* v. *Palmer*, 6 Lea, 652."

See *Alsobrook* v. *Orr*, 3 Thompson (130 Tenn.), 120, 169 S. W., 1165, Ann. Cas., 1915B, 627.

Our statute of limitations of ten years applicable to "all other cases not expressly provided for," originated with the Code of 1858, and was embraced in the chapter entitled "Limitations of Actions Other Than Real." It does not apply here.

There is to be found in the syllabus of one of our reports an expression as follows:

''Excepting alone suits between trustee and *cestui que trust* upon causes of action arising out of express trusts and cognizable alone in courts of equity, our general statutes of limitation apply to every cause or form of action, whether cognizable exclusively in courts of law, or concurrently in courts of law and equity, or exclusively in courts of equity.'' *Hughes* v. *Brown*, 4 Pick. (88 Tenn.), 578, 13 S. W., 286, 8 L. R. A., 480.

A careful reading of Judge Lurton's opinion will show that it contains no statement so broad, sweeping, and unqualified as the syllabus. The opinion deals with the subject of whether the remedy of complainant, being purely equitable, against a trust estate, was subject to the bar of the statute. It was held that:

''There is no more reason for holding that a bill to charge the payment of an equitable claim upon a trust estate should be taken out of the statute which bars all suits upon contracts within six years, than there was for holding that a suit upon an equitable title, or to declare and enforce a constructive or implied trust was without the statute.''

The question of a continuing equity to which a party may resort when the exigency may arise, and which involves no question of recovery of land nor the enforcement of a debt, contract, or liability, was not being discussed.

Our statute of seven years applies where there is an adverse holding of real estate. There is no question of adverse holding in the present suit. This is an action to remove a cloud on title which affects the mar-

ketability of the land, or under which an adverse possession might be attempted and thus endanger the rights of complainant. It is to remove this apprehended future danger that complainant invokes the aid of the court of equity. The realty has not been touched.

We apprehend that it was never the intention to enact a statute of limitations in this State preventing an owner from removing or canceling an instrument or record which casts a cloud upon the title. Spurious claims have arisen in the past during the period when our wild and unoccupied lands were of little value and not actively looked after by any one. These consist of void grants and colors of title created for speculative purposes. Our legislature has not enacted any statute of limitation which will prevent a clearing up of titles as against these void claims, where no sufficient adverse possession has been maintained by the adverse claimant.

Laches will not be imputed to one from a mere failure to watch the record to guard against the recording of a forged or undelivered deed purporting to be a conveyance of his real estate. *Palmer* v. *Mizner*, 2 Neb. (Unoff.), 899, 90 N. W., 637; *Hodges* v. *Wheeler*, 126 Ga., 848, 56 S. E., 76.

Until there is an interference with the possession of land no occasion arises for resort to legal remedies, and where land has remained wild until shortly before the commencement of the plaintiff's action, his claim is not stale. *Penrose* v. *Doherty*, 70 Ark., 256-261, 67 S. W., 398.

The Arizona court on the question applied the law as stated in the following:

"To hold, in an action to quiet title, that the plaintiff may not recover against a defendant who has been in possession for less than three years, for no other reason than that the plaintiff has failed to pay his taxes, or list his property for taxation, for a period of eleven years, while the defendant, holding a void tax deed to the property, has paid the taxes during the eleven years, and has, within three years, expended $780 in improvements, extends the doctrine of laches to a degree not supported by any precedent cited to us. We are unwilling so to extend it. Plaintiff is not precluded by laches from maintaining this suit, unless by reason of his course defendant has been misled to his injury, or the property has, at defendant's risk and expense, been greatly enhanced in value while plaintiff lay by waiting the turn of events to assert his claim, or unless some other facts exist, not now disclosed in this record, showing inequity in the plaintiff's position." *Costello* v. *Muheim,* 9 Ariz., 422-430, 84 Pac., 906.

The case of *Sage* v. *Winona, etc., Railroad Company,* 58 Fed., 297, 7 C. C. A., 237, cited by the court of civil appeals as authority that laches applies, holds that while a person out of possession under authority of the Minnesota courts may maintain action to remove cloud, this does not preclude a defendant from pleading laches or limitations; that no period of delay will bar the owner who is in possession, because the cloud is a continuing injury like a public nuisance. But where the

person filing the bill is out of possession and the person proceeded against is in possession, the latter may plead either laches or limitations.

The particular decision on the facts was:

A land-grant railroad company, having both actual and constructive notice, was guilty of laches in delaying fourteen years to assert title to lands lying within its grant limits, which had been selected as indemnity lands by another land-grant company, certified as such by the State, and by it conveyed to the company, and large portions of which had been openly sold by the latter to purchasers and settlers, who had taken deeds and settled on the lands, making valuable improvements thereon, believing they were acquiring good titles; that for many years the railroad company had actual as well as constructive notice of all these matters; that through this lapse of time the defendants had lost certain documentary evidence which would probably have rendered their title unassailable.

In 32 Cyc., 1345, it is said:

"Excepting where plaintiff is in possession, laches is available as a defense to the action."

We have examined the authorities there cited. In many of them it is held that laches did not apply. In those cases where the doctrine did apply it was upon some real and valid reason, and not merely a case of lapse of time only. The cases cited support the general statement of the text, that the defense is available in such cases. By "available" we understand that where the doctrine should properly apply and within

its proper sphere and reasoning, it is open to the parties who are affected by it; and "out of possession," as we gather from these authorities, is not meant a mere failure of the owner to be in actual possession of wild or unoccupied lands.

The true owner, in legal contemplation, is in constructive possession of his unoccupied land if no one else is holding adversely. He does not have to maintain actual possession to assert his rights.

Estoppel cannot arise, and therefore the rule of laches cannot apply here because the defendant did not purchase on the faith of the decree of sale in this case, but purchased before the decree alleged to be a cloud was entered.

Complainant purchased the land in question in 1910. It is now averred that defendant is claiming that the former decree was effective, as against complainant's vendor, and this claim under the void decree may be said to cast a cloud on complainant's title. Certainly mere lapse of time will not give validity to a void instrument or proceeding. Some one must be put in a worse attitude or some advantage gained by a delay before estoppel can arise. If time will cut off the right to remove a cloud on title to land not adversely held, then it is incumbent on owners of real estate to be vigilant in looking for and removing void instruments or void proceedings, or else their title will be embarrassed by the failure. No man is called upon to attack a proceeding or instrument not effective against him. If at any time some one uses it as a means of claiming title

or beclouding the right or title of another, it then becomes a menace and danger. While the owner may sue in advance of such actual danger, the fact that he does not know of the cloud on his title or does not apprehend the danger, and waits, should not preclude his right when the injury becomes apparent, if the instrument is void, and no rights have become fixed under it.

The bill in the present case is not a bill of review, but purely a bill to remove a void decree as a cloud on complainant's title. This land is in the mountain section of this State where titles in the past have in many instances lain dormant, and our courts have pursued a liberal policy in permitting removal of clouds, so as to clear up the titles. If laches should be applied strictly to such matters it would hinder, rather than assist, in making titles' to these wild lands secure.

The point is urged that no averment of title is made. The statement by complainant of twenty-two years' actual, open, and notorious, adverse possession of land by S. H. Pile, its vendor, under a registered deed, showing substantial inclosures and actual occupation on the land, and conveyances from Pile to complainant, is a sufficient averment of title.

The bill avers that a suit is pending in the chancery court of Pickett county, Tenn., filed by Jesse Patton, against the Stearns Lumber Company, in which he attempts to deraign title to this seventy-five acres of land under the decree in the Malissa Williams case. It is said that the proceeding, if void, can be relied on there. This is true; but, nevertheless, complainant's right to

cancel the proceeding as a cloud is not involved there, and that case is no hindrance to the assertion of complainant's right to remove the cloud here.

All the facts stated herein are only from averments in the bill, and of course are subject to controversy if denied by answer. The writ of *certiorari* is granted, the cause reversed and remanded to the chancery court at Jamestown for further proceedings in accord with this opinion.